## Martin D. Irwin *v.* Lorenz Nolde et al., Appellants.

*Evidence—Competency of witness—Party deed—Act of* 1887.

The rule that where one party is dead the other party cannot testify, applies not only to actions on contracts, but also to actions of trespass and tort.

In an action of trespass q. c. f. the defendant was a de facto trustee of a church, who had forcibly taken possession of part of a farm owned by the church, and leased to plaintiff by other persons claiming to be trustees. Defendant died while the suit was pending. *Held,* that defendant was a party to the thing or contract in action, a right connected with the property, and that plaintiff was a surviving party, interested adversely to the deceased, and therefore incompetent to testify.

*Evidence—Settlement—Opinion as to understanding of parties.*

In an action of trespass where the defence is that the suit had been settled, it is improper to ask a witness who was present at the settlement

whether it was not the understanding of all the parties that all matters in dispute were settled; the witness could not testify as to the understanding of other parties.

*Trespass—Damages—Speculative profits.*

In an action of trespass to recover damages for a forcible taking possession of a field it is improper to leave it open to the jury to guess at the value of a crop to be raised on the field, and after deducting the supposed cost of the labor necessary to plant, cultivate and harvest it, to charge the difference to the defendant.

Argued May 15, 1894. Appeal, No. 180, Jan. T., 1894, by defendants, from judgment of C. P. Lancaster Co., June T., 1880, No. 24, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Trespass vi et armis q. c. f. Before BRUBAKER, J.

At the trial it appeared that on May 10, 1880, Lorenz Nolde, claiming to be trustee of the " Seventh Day Baptists of Ephrata," ejected plaintiff from two fields belonging to the society, which he claimed the right to hold under a lease.

Plaintiff was called as a witness in his own behalf. Defendants objected to the witness, on the ground of the death of Lorenz Nolde, who was the defendant, and that that would exclude plaintiff from testifying. Objection overruled, exception. [1]

When Frank Good, a witness for defendant, was on the stand, he was examined as to an alleged settlement made between the parties, and was asked: " Q. Wasn't the understanding of all the parties interested, including Mr. Irwin, who was present, that the entire difficulty, both civil and criminal, growing out of the alleged forcible entry and detainer—growing out of the action of the 10th of May—was settled? " Objected to by plaintiff's counsel; objection sustained. [6]

Defendant's points were, among others, as follows:

" 1. The court is requested to direct the jury to disregard the testimony of plaintiff, Martin D. Irwin, it being improvidently admitted by the court, so far as the same relates to the commission of the alleged trespass and conversations with him (Lorenz Nolde) relating thereto. *Answer:* This point I refuse to affirm. I negative it. I hold that in cases of this kind, trespass or tort, parties are entitled to all witnesses. It is only in cases on contract where one party to the contract is dead,

by the policy of the law the other party is not allowed to testify. But in this case Mr. Irwin was admitted as a witness." [2]

" 5. That the plaintiff is not entitled for any supposed profit from tobacco of one acre, which was not planted and had no existence, and the jury be directed to exclude any damages claimed by plaintiff on that account. *Answer:* I negative this point. The plaintiff is entitled to whatever profits he could have made, if he had not been prevented from raising the crop of tobacco. In order to get at the net profits you have to deduct the value of the labor that would have been necessary to raise that crop by the tenant under the circumstances of the case." [12]

Verdict and judgment for plaintiff for $400.

*Errors assigned* were, (1) ruling on evidence, quoting the bill of exceptions; (2, 6, 12) instructions as above, quoting them.

*Wm. D. Weaver* and *Wm. R. Wilson*, for appellant, cited, as to evidence: Act of May 23, 1887, § 5, P. L. 159; Miller on Competency of Witnesses, p. 113; McFerren v. Mont Alto Iron Co., 76 Pa. 180; Logan v. Herron, 8 S. & R. 459. As to damages: Stephenson v. Brown, 147 Pa. 300; 2 Sedgwick on Damages, ed. 1891, §§ 434, 937; Giles v. O'Toole, 4 Barb. 261; 3 Parsons on Contracts, 5th ed., pages 181–3.

*T. B. Holahan* and *H. M. North*, *E. K. Martin* with them, for appellee, cited: Mann v. Weiand, 81* Pa. 243; act of April 15, 1869, P. L. 30; Hoy v. Gronoble, 34 Pa. 9; McClowry v. Crogham, 31 Pa. 22; McKnight v. Ratcliff, 44 Pa. 156; Douty v. Bird, 60 Pa. 48.

OPINION BY MR. JUSTICE FELL, Oct. 1, 1894:

This was an action of trespass to recover damages occasioned to the plaintiff by the defendants taking forcible possession of two fields of a farm which he had rented of a society of which one of the defendants, Nolde, was or claimed to be a trustee, and the other, Miller, a tenant under him of the land in dispute. The action was commenced in 1880, and both of the defendants died before the trial in 1893.

The first and second assignments of error relate to the admission of the testimony of plaintiff, who was objected to as a witness, to matters occurring during the life of the defendants and to conversations had with them. He was allowed to testify, the reason stated by the learned judge in support of his ruling being that in actions of trespass and tort either party may be a witness notwithstanding the death of the other, and that "it is only in cases of contract where one party to the contract is dead, by the policy of the law the other party is not allowed to testify."

We see no valid ground for the distinction made. The plaintiff would not have been a competent witness before the act of 1869, and he came within the letter of the proviso of Sec. 1 of that Act as to "actions by or against executors, administrators, or guardians," and he was excluded by Sec. 5, Clause E, of the Act of 1887. The act makes no distinction between different classes of civil actions.

Nolde, as a de facto trustee, was a party to the thing or contract in action, a right connected with the property; and the plaintiff was a surviving party as well as a person whose interest was adverse to the right of the deceased party. He was within the letter and spirit of the excluding clause of the act, and was clearly incompetent to testify.

The twelfth assignment of error must also be sustained. It appears to have been the plaintiff's intention to plant with tobacco one of the twelve acres from which he was evicted, and his claim for damages included what he might have made out of this crop. The general instruction upon this subject was not objected to, and it was substantially accurate; but the answer to defendants' fifth point left it open to the jury to guess at the value of a crop to be raised, and after deducting the supposed cost of the labor necessary to plant, cultivate and harvest it, to charge the difference to the defendant, and this course they seem to have pursued. This crop had not been planted, the ground had not been prepared for it, and nothing had been done in relation to it. It had no existence, it was a mere possibility. The plaintiff might have raised the crop elsewhere, and might have been better off if he had not attempted to raise it at all. As to this item of claim, no crop was destroyed or taken away from him. He was deprived of the use

of one acre of ground, and to the extent to which his leasehold was lessened in value by that fact he was entitled to recover, if entitled at all.

As the case will go back for trial, the sixth assignment of error should be noticed to say that it was competent for the defendant to show that there had been a settlement of this suit in 1880, but the manner in which this was attempted to be shown was open to objection. It does not appear upon what ground the objection to the question was made, but if there was any valid ground it will sustain the ruling. It was not competent for the witness to testify as to the understanding of other parties. He should have been permitted to testify as to what was said and done by them. It was open for the defendant to show that there had been a settlement, but the question asked was improper.

The first, second and twelfth assignments of error are sustained, and the judgment reversed with a new venire.