## Equitable Trust Company v. Bowen, Appellant.

*Contract—Building contract—Bond—Recital in contract—Waiver.*

Where a contract between the principal contractor and a subcontractor for the erection of buildings recites in a printed portion of the paper that plans and specifications have been signed by the parties, and the subcontractor enters into a bond of surety to a trust company which had insured the completion of the buildings without liens, and such bond contains no reference to signed plans and specifications, it may be shown in a suit upon the bond that the contractor and the subcontractors had waived the signing of the plans and specificatioms.

*Evidence—Competency of witness—Party dead—Act of May 23, 1887, P. L. 158.*

Where the principal contractor in a building operation has sublet a portion of the contract to a partnership consisting of two persons, and the subcontractors have given a bond with surety to a trust company which has insured the completion of the operation without liens, and after the death of one of the subcontractors suit is brought upon such bond, the contractor may testify as to conversations with the dead partner in the presence of the other partner absent at the trial.

*Contract—Building contract—Principal and surety.*

Where a trust company has insured the completion of a building operation without liens, and takes a bond with surety from subcontractors, and the subcontractors fail to do their work, and their surety, although notified does not finish the work, and the trust company thereupon enters into a

*See Philadelphia v. Stewart, 198 Pa. 422.    Reporter.

contract with the principal contractor to finish the work, and takes from him a bond for its completion, the surety of the subcontractors is not relieved from liability to the trust company for loss because the latter took the bond from the principal contractor.

Argued Jan. 13, 1902.   Appeal, No. 248, Jan. T., 1901, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1899, No. 1073, on verdict for plaintiff in case of Equitable Trust Company v. H. W. Bowen and Alfonso F. Alfieri, and the Continental Title & Trust Company.   Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Assumpsit upon a bond.   Before Beitler, J.

At the trial it appeared that Richard Humphreys was the principal contractor in a building operation.   Humphreys entered into a contract with H. W. Bowen and Alfonso F. Alfieri by which the latter agreed to furnish certain material and do certain work upon the buildings.

The contract signed by Humphreys and Bowen and Alfieri was upon a printed form or blank, which contained the printed recital that Humphreys was about to erect fifty houses, " According to certain plans, drawings, designs and specifications which are made a part of this contract and have been examined by the said party of the second part, signed by the parties hereto and deposited with the Equitable Trust Company insuring this operation."

There was evidence that the parties had waived the stipulation as to signing the plans and specifications.

The Equitable Trust Company insured the owners, the completion of the building operation without liens.   To protect itself the Equitable Trust Company took a bond from Bowen and Alfieri with the Continental Title & Trust Company as surety for the performance of Bowen and Alfieri's contract with Humphreys.   This bond did not refer in any way to the signed plans and specifications.   Bowen and Alfieri did not complete the work for which they had contracted, and the Continental Title & Trust Company, although notified, did not complete the work.   The Equitable Trust Company thereupon entered into a contract with Humphreys, the principal contractor to do the work and took from him a bond to secure its

completion. The transaction resulted in a loss to the Equitable Trust Company.

The Continental Trust Company claimed that it was discharged by reason of the failure to sign the plans and specifications deposited with the Equitable Trust Company, and also by the fact that the Equitable Trust Company had taken from Humphreys a bond conditioned for the completion of the work for which Bowen and Alfieri had contracted.

The court permitted under objection and exception, Humphreys to testify to the conversation which he had had with Bowen before the latter's death in the presence of Alfieri who was absent at the trial.

Verdict and judgment for plaintiff for $4,854.15. Defendants appealed.

*Errors assigned* were (1) in permitting Humphreys to testify as to conversations with Bowen, and (13) in refusing binding instructions for defendant.

*John G. Johnson,* with him *J. W. Bayard, J. Washington Logue* and *Alex. Simpson, Jr.,* for appellant.

*John C. Bell,* with him *James Fitzpatrick* and *Anthony A. Hirst,* for appellee.

PER CURIAM, February 24, 1902:

The charge to the jury and the answers to the defendant's points have been carefully examined and considered by the court, and the conclusion arrived at is that no error was committed by the learned court below.

Judgment affirmed.