———————O———————

No 3209.

(Court of Appeal, Parish of Orleans.)

IN RE THOMAS J. MORAN PRAYING FOR A WRIT, ETC.

ON THE RE-HEARING.

(Original opinion printed pp. 17-22.)

1. Where plaintiff in injunction and appellee claims that the identity of the property he avers to own, is established by a government official map which is assailed, the exclusive official character of such map must be satisfactorily proven.

2. Exclusion by the Court a qua of parole evidence to prove or destroy title to real estate; or to prove that the purchaser at a tax collector's sale is a person interposed and not the real vendee is in accord with the following authorities: 40 A. 157; 42 A. 449; Taylor D. pg. 344; Breaux D, pg. 370-1.

3. A 10-years plea of prescription acquirendi causa-filed in the appellate Court and which is so vague and indefinite as may be referred to no specific date is a proper ground for ascertainment by the trial Court. 30 A. 246.

Appeal from Civil District Court, Division B.

J. Zach Spearing, for T. J. Moran, Appellant, Plaintiff, and Defendant in injunction.

L. DePoorter, for Plaintiff in Injunction and Warrantor.

Rufus E. Foster, for Stark, in Warranty.

118

E. C. Kelly, for Holden and Quillan, Intervenors.

W. O. Hart, for Civil Sheriff.

BEAUREGARD, J. The determination of this case in our original opinion and in Appellee's favor hinged on the fact that the Sulowkowsky's map was the only official map showing that its side lines of the Livaudais tract prolonged to a point and beyond 80 arpents from the river embraced the property in dispute which in consequence thereof and as contended, had been erroneously sold for the delinquent taxes of 1898 and 1899, and in 1900 bought for these taxes by Thomas J. Moran.

The attack upon the official character of this map urged by Appellees to be the only one which should be a guide to the Court, but denied by appellant to be such, and, asserted in argument to have been so incorrect as to have been corrected officially by subsequent surveys, has cast a doubt which requires elucidation in the trial Court.

The attention of the Court has been called to two rulings of the Court a qua excluding the testimony of two witnesses.

1st—That of Richard Lyons as attorney, on the ground that what he knew was knowledge derived from his client, and of

2nd—That of Frank Rawle, on the ground that his testimony would tend to show title to real estate by parole.

It must be borne in mind that intervenors' counsel who sought to obtain the testimony of these witnesses in his attack upon the tax sale by which Thomas Lyons purchased, under the advertisement of "Unknown" certain pieces of property sold under Act 82 of 1884 tor the taxes of 1870 to 1878, urged in his pleadings and in his briefs, that these pieces of property embraced the one in dispute, occupied by Guitterez and upon which he had paid all the taxes thereon due including those of 1898 and 1899. That however being in doubt as to the validity of the purchase under the title of "Unknown," that part of the property which, by allottment between Lyons and Moran, had fallen to the latter was permitted by Moran to he again put up at tax sale owing to Moran's default of payment of taxes of 1898 and 1899, that Moran might fortify by a subsequent purchase a prior questionable title to the same property. And that consequently the testimony of the two witnesses referred to would unmask these transactions between Thomas Lyons and Moran.

The ruling of the Court as to Richard Lyons is sustained, notwithstanding counsel's assertion that it would have been restricted to simply what he did and was done in his presence.

Such a line of inquiry would either have amounted to nothing, or would have invaded the privileged communications he had, as an attorney derived from his client.

Testimonial proof is not admissable to prove that a third person was interposed to receive or to be invested with the title to

119

real estate, for the use of and instead of, the intended vendee. R C. C. 2440, 2275; 42 A. 449.

With respect to Frank Rawle whose testimony was intended to show Moran's connection with the tax sale to Lyons and should not be permitted to derive any advantage from his default of payment of the taxes referred to (1898-9) and the sale in consequence thereof registered in the Conveyance Office, the ruling of the lower court is upheld, notwithstanding the assertion in counsel's brief that "parole evidence, if not admissable to establish title to real estate, is admissible to destroy title to real estate."

The authorities are to the reverse :

"Parole evidence cannot be received to create or destroy a title to real estate." 40 A. 157; Taylor D, pg. 344; Breaux D. pgs. 370, 371.

In this Court, plaintiff in injunction has filed the plea of 10 years prescription. The plea is vague, indefinite and may refer to one date as well as to another, and would be sustained if it could specially be shown that, during the 10 years pleaded, no adverse valid title had been acquired to the property in dispute. This involves a matter of proof. 30 A. 246.

The Court reaches the conclusion that the case should be remanded:

1st—For proof that the Sulowkosky map is the official and only official map, and so held by the government.

2nd—For such proof to be made, as within the discretion of the court of first instance, may be admissible, to sustain the plea of 10 years prescription.

Restricted to these grounds this case is, it is ordered now remanded.

Judge Dufour concurs in the decree.

March 21, 1904.

Rehearing refused April 4, 1904.