\*Frank Ransom, by His Next Friend, v. Haberer & Co.

Infant Suing by Next Friend for Tort is Incompetent to Testify Against Imbecile Defendant.

> An infant, in an action by his next friend for the recovery of damages on account of personal injuries received, is the party plaintiff under Gen. Code 11247 and, imbecility of the defendant having intervened, he is incompetent to testify under Gen. Code 11493. Nor is he rendered competent as a witness by the exception in Gen. Code 11495, as to actions causing death.

Error to common pleas court.

*Scott Bonham,* for plaintiff in error.

*Galvin & Galvin* and *Pogue & Pogue,* for defendant in error.

---

\*Affirmed, no op., *Ransom* v. *Haberer,* 85 O. S. 000; 57 Bull. 39.

**SMITH, J.**

At the trial of the above case it developed that Frank Ransom, an infant, while in the employ of Haberer & Company, was injured September 27, 1907. Afterward and before the trial of the case Sophia Haberer, the sole owner of the business of Haberer & Company, was declared an imbecile, a guardian being appointed for her and substituted as party defendant in the case.

When Frank Ransom was offered as a witness in his own behalf he was not allowed to testify by the trial court upon the ground that he was not competent to so testify under R. S. 5242 (Gen. Code 11495).

Upon the conclusion of plaintiff's evidence the court instructed the jury to return a verdict for the defendant in error, upon which judgment was subsequently rendered and it is now sought in this court to reverse said judgment upon the grounds: First, that plaintiff in error was not the party plaintiff but that the real party plaintiff was his next friend; and second, that the case falls under the eighth exception set out in R. S. 5242 (Gen. Code 11495), which provides that "Nothing in this section contained shall apply to actions causing death."

We do not think that these objections are well founded. It is evident under R. S. 4998 (Gen. Code 11247) that the infant in this case is the party plaintiff, his action being brought by his next friend, and this court so held in the case of *Burkham* v. *Cooper*, 1 Circ. Dec. 371 (2 R. 77).

As to the second objection it has been decided in *Ross* v. *Todd*, 2 Circ. Dec. 385 (4 R. 2), that while R. S. 5242 does not in terms exclude as a witness a party when the adverse party is the guardian of an "imbecile," yet an imbecile comes within the meaning and spirit of the statute. Such a person is one of unsound mind and under R. S. 5240 (Gen. Code 11493), is an incompetent witness.

It has been urged that in actions of tort where one party is under such a disability the adverse party would be a competent witness; but the statute makes no distinction in this regard between different classes of civil actions, and this has

been so held in the case of *Irwin* v. *Nolde,* 164 Pa. St. 209 [30 Atl. Rep. 246].

We can not agree with counsel for plaintiff in error that this case comes within the eighth exception under R. S. 5242. which applies to actions causing death. The case before the court is one for personal injuries. It is evident that this exception was created by the legislature to enable a defendant in a case brought against him for causing the death of a person, to testify, where the administrator of the deceased is the adverse party.

We find no errors in the record and the judgment of the court below will be affirmed.

**Giffen** and **Swing, JJ.,** concur.