## Lockard *v.* Vare, Appellants.

*Negligence—Defective pavement on sidewalk—Evidence—Question for jury.*

1. In an action by a woman against a firm of paving contractors to recover damages for personal injuries sustained by a brick in a sidewalk sinking under the plaintiff's weight, at a point in a sidewalk which the defendants were under contract to maintain in good condition, the case is for the jury where the plaintiff's testimony as to the cause of the accident is corroborated by that of a woman who lived in the house in front of which plaintiff fell, to the effect that she saw bricks being relaid a day or two before the accident, and that the work had not been properly done, although defendant's foreman testified that he had relaid the pavement in a proper manner six days before the accident.

2. In such a case it is not error to admit in evidence the testimony of the corroborating witness, that she saw a large hole in the pavement an hour after the accident.

*Evidence—Witness—Competency of witness—Party dead—Action in tort—Act of May 23, 1887, P. L. 158.*

3. In an action of trespass against a partnership to recover damages for personal injuries, where one of the defendants dies after issue is joined, and the jury are sworn as to the surviving partners, the plaintiff is incompetent to testify as to the circumstances of the accident which happened in the lifetime of the deceased partner, although she may testify as to matters that occurred between her and the surviving partners.

4. The Act of May 23, 1887, P. L. 158, relating to the competency of witnesess, makes no distinction between actions sounding in tort and those arising from contract.

Argued Jan. 4, 1911. Appeal, No. 133, Jan. T., 1910, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1907, No. 946, on verdict for plaintiff in case of Alida S. Lockard v. George A. Vare et al., trading as Vare Brothers. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BRÉGY, P. J.

At the trial the court admitted under objections and exceptions the testimony of the plaintiff. [1]

The court also admitted the evidence of Iola E. Wright as to the condition of the sidewalk an hour after the accident. [2]

The facts of the case appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,000. Defendants appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) in refusing binding instructions for defendants.

*Francis Shunk Brown,* of *Simpson & Brown,* with him *Arthur S. Minster,* for appellants.—The plaintiff, in an

action against a partnership, to recover damages for personal injuries, alleged to be due to the negligence of the copartners and their agents, is not a competent witness when one of the partners has died since the accident and before the time of trial: Brady v. Reed, 87 Pa. 111; Lacock v. Com., 99 Pa. 207; Irwin v. Nolde, 164 Pa. 205; Kyte v. Foran, 167 Pa. 252; Robbins v. Farwell, 193 Pa. 37.

The learned trial judge should have given binding instructions for the defendants as the accident which caused the injury to the plaintiff was not shown to have been caused by the negligence of the defendants: Sandt v. North Wales Fdy. Co., 214 Pa. 215; Laven v. Moore, 211 Pa. 245; Wall v. Lit, 195 Pa. 375; Lerner v. Philadelphia, 221 Pa. 294.

*Frederick J. Knaus*, for appellee.—Plaintiff was a competent witness: Ash v. Guie, 97 Pa. 493; Githers v. Clarke, 158 Pa. 616; Strause v. Braunreuter, 4 Pa. Superior Ct. 263; Lancaster County National Bank v. Henning, 171 Pa. 399.

The case was for the jury: Reel v. Elder, 62 Pa. 308; Lehigh Coal & Nav. Co. v. Evans, 176 Pa. 28; Snyder v. Bougher, 214 Pa. 453; Dalmas v. Kemble, 215 Pa. 410; Perkiomen R. R. Co. v. Kremer, 218 Pa. 641.

Opinion by Mr. Justice Brown, March 20, 1911:

The firm of Vare Brothers had a contract with the Bell Telephone Company in connection with the construction of a conduit system in the city of Philadelphia. In performing this contract they made an excavation at a certain point in the sidewalk on Fifty-second street. They subsequently filled this in and relaid the pavement. By the terms of their contract they were required to keep it in good condition, to the satisfaction of the board of highway supervisors of the city, for a period of not less than three years. On February 14, 1906, as the plaintiff was walking over that part of the street which had been

repaved by the contractors, a brick sank under her weight and she was thrown forward, sustaining the injuries for which she seeks compensation in this action. The court was asked to direct a verdict for the defendants, because one of their foremen, who had charge of the work, testified that the pavement had been relaid in a proper and workmanlike manner by February 8—six days before the accident. Whether it had been so relaid and the work completed by February 8, depended upon the testimony of a witness, whose credibility was for the jury, and it was by no means clear from his testimony that the work had been completed on the day stated, for, on cross-examination, he admitted that he was testifying from a record and was unable to recall from memory the exact date when the work was finished. Against his testimony there was that of a woman in front of whose house the plaintiff fell. She testified that she saw the bricks being relaid a day or two before the accident, and her testimony tended to show that the work had not been properly done. As it was the duty of the defendants to relay the pavement and to keep it in good condition for a period of not less than three years, the question of their negligence as the proximate cause of plaintiff's injury was for the jury, and in his charge, no portion of which has been assigned as error, the trial judge carefully and correctly submitted that question to them, as well as the contributory negligence of the plaintiff.

The second assignment complains of the court's admission of the testimony of Iola E. Wright as to the great hole which she testified she saw in the pavement. It is urged that this testimony ought not to have been received without proof that the condition of the pavement when the witness saw the hole in it was the same as at the time of the accident. She lived, as already stated, in the house in front of which the sidewalk gave way as the plaintiff walked over it, and she saw the hole an hour afterwards. In view of the very brief interval which elapsed from the time she saw the accident until she went

out on the pavement, a fair inference to be drawn by the jury was that its condition had not changed, and her testimony was, therefore, properly received.

While there is no merit in the second or third assignments of error, the first calls for a reversal of the judgment. The action was brought against George A. Vare, William S. Vare and Edwin H. Vare, trading as Vare Brothers. After issue was joined, one of the defendants, George A. Vare, died, and when the case was called for trial, counsel for plaintiff asked " that the jury be sworn as to William S. Vare and Edwin H. Vare only, surviving partners of George A. Vare, William S. Vare and Edwin H. Vare, late trading as Vare Brothers, George A. Vare having died." This was done, and the plaintiff was called as a witness in her own behalf to what had happened to her in the lifetime of the deceased partner, for the consequences of which she was seeking to hold liable the partnership of which he had been a member. He was dead, and his death dissolved the partnership; but his interest in it, upon his death, became an asset of his estate. The duty of the surviving partners was to look after this interest, as well as their own, in the partnership, for the title to all the partnership property had passed to them upon his death, and they were the parties defendant upon the record.

The Act of May 23, 1887, P. L. 158, relating to the competency of witnesses, makes no distinction between actions sounding in tort and those arising from contract; and it was so ruled in Irwin v. Nolde, 164 Pa. 205. This is an action in tort against surviving partners, in which the plaintiff seeks to obtain a judgment that will bind the interest of a deceased partner in the partnership, and, by the express words of clause e, sec. 5, of the act of 1887, she is not a competent witness, unless the matters to which she would testify occurred between her and the surviving partners. She was called for no such purpose. Her testimony was as to matters occurring in the lifetime of the deceased partner, and he, if living, might have

contradicted her. His lips having been closed by death, evenhanded justice requires that her mouth be sealed: Karns et al. v. Tanner, 66 Pa. 297; but as to matters that occurred between her and the surviving partners, both may testify and there will be no inequality between them. Neither can have a vantage ground over the other under the right given them by the statute to testify to matters which occurred between them during the lifetime of the deceased partner. Two cases are cited in support of the competency of the plaintiff, but neither of them sustains it, and each seems to be misunderstood by counsel for appellee. In the first—Strause v. Braunreuter, 4 Pa. Superior Ct. 263—the issue was made up and tried between two living parties—a plaintiff suing in his own right and a defendant defending in hers—and the testimony which she proposed to give related to matters occurring between her and the agent of the living plaintiff, concerning which he had testified fully at the instance of the plaintiff. In the other—Lancaster County National Bank v. Henning, 171 Pa. 399—the suit was against an alleged surviving partner of a firm known as Rhodes & Henning. The existence of the partnership was denied in the affidavit of defense, while here, under the rule of court, it was admitted. Henning was held not to be within the disqualification in clause e, sec. 5, of the act of 1887, because, as was clearly pointed out by Mr. Justice MITCHELL, he was not testifying against the interest of any deceased party. A very different situation is presented here. The plaintiff was permitted to testify generally as to matters that had occurred during the lifetime of the deceased partner, and, her interest being adverse to his right in the partnership at the time of his death, she was within the clear disqualification of the act, which, in this action against the surviving partners, permits her to testify only as to matters that occurred between them and her.

The first assignment of error is sustained and the judgment reversed with a venire facias de novo.