## Parlette v. Palumbo et al.

*Hyman Zuckerman*, for plaintiff.

*Harry H. Wexelblatt*, for defendants.

JONES, J., August 1, 1949.—This is an action in assumpsit in which when instituted the plaintiff claimed of the defendants the sum of $1466.95 with interest. The action was commenced by a complaint filed June 25, 1948 by the individual plaintiff against the two defendants "individually and co-partners trading as Palumbo Brothers". The claim of the plaintiff is the alleged sale, delivery and furnishing of "work, labor and materials for the installation of the goods, wares and merchandise" for the partnership set forth in an exhibit attached to the complaint and for the consideration therein stated. This exhibit is averred to be a "correct copy of plaintiff's books of original entry, . ."

One of the defendants, Frank Palumbo, filed an answer to the plaintiff's complaint denying averments of the complaint and averring, inter alia, the death of his brother and partner, Domenic Palumbo, upon August 1, 1946.

The case was tried by the court without a jury under authority of Section 12 of the Act of July 12, 1913, P. L. 711, as amended by the Act of June 20, 1919, P. L. 515, 17 PS §695.

The evidence presented in support of the complaint was the testimony of the plaintiff called in his

own behalf and was confined to alleged oral contracts with the said Domenic Palumbo. All of the work and labor were averred to have been done and the materials to have been furnished for the partnership prior to the close of the year 1943. During the presentation of the plaintiff's case by agreement of counsel the caption of the complaint was amended so as to read "Robert W. Parlette, trading as H. Leslie Parlette versus Frank Palumbo" and the trial proceeded to conclusion as though the action had been instituted against the surviving partner.

The testimony of the defendant, Frank Palumbo, was to the effect that there had been a partnership between himself and his brother in the operation of a slaughterhouse, that the control and management of the property were in his deceased brother, Domenic, that he never had any negotiations with the plaintiff with reference to any work to be done or materials to be furnished, that he knew nothing of any claim of the plaintiff until three or four months after the death of his brother.

The immediate and primary question involved is the competency of the plaintiff as a witness called in his own behalf.

The decision in Lockard v. Vare, 230 Pa. 591 (3/20/11), is in point. The controlling facts are similar; the rule of law arising therefrom the same. In the cited case trial was had in an action by an individual against surviving partners upon a cause of action arising prior to the death of one of the partners. The plaintiff charged negligence against the partnership, the injury alleged having been inflicted in the lifetime of all of the partners. In the instant case the plaintiff's claim is a partnership debt arising from alleged oral contracts with the deceased partner. The

decisive question at issue in the cited case was the competency of the plaintiff as a witness called in her own behalf. The answer is given in the following language of the Supreme Court:

". . . the plaintiff was called as a witness in her own behalf to what had happened to her in the lifetime of the deceased partner, for the consequences of which she was seeking to hold liable the partnership of which he had been a member. He was dead, and his death dissolved the partnership; but his interest in it, upon his death, became an asset of his estate. The duty of the surviving partners was to look after this interest, as well as their own, in the partnership, for the title to all the partnership property had passed to them upon his death, and they were the parties defendant upon the record.

"The Act of May 23, 1887, P. L. 158, relating to the competency of witnesses, makes no distinction between actions sounding in tort and those arising from contract; and it was so ruled in Irwin v. Nolde, 164 Pa. 205. This is an action in tort against surviving partners, in which the plaintiff seeks to obtain a judgment that will bind the interest of a deceased partner in the partnership, and, by the express words of clause e, sec. 5, of the act of 1887, she is not a competent witness, unless the matters to which she would testify occurred between her and the surviving partners. She was called for no such purpose. Her testimony was as to matters occurring in the lifetime of the deceased partner, and he, if living, might have contradicted her. His lips having been closed by death, evenhanded justice requires that her mouth be sealed: Karns et al. v. Tanner, 66 Pa. 297; but as to matters that occurred between her and the surviving partners, both may testify and there will be no inequality be-

tween them. Neither can have a vantage ground over the other under the right given them by the statute to testify to matters which occurred between them during the lifetime of the deceased partner." (595, 596)

True it is that counsel for the defendant did not object to the plaintiff's testimony upon the ground of his incompetency as did counsel in the cited case. Does this fact alter the law? Does the failure to raise the question of a violation of the Act of May 23, 1887, P. L. 158, Clause (e), Sec. 5, make the plaintiff a competent witness? Is the failure to object an admission of competency binding upon the defendant and/or the court? If it be an admission, is it an admission of law or fact? These questions present themselves. What are the answers?

Whether or not the plaintiff was a competent witness is determined by the application of the statutory mandate to the undisputed facts of the case. If the failure to object be an admission by defendant's counsel of the competency of the plaintiff as a witness, indubitably it is an admission of law. An admission by party or counsel of a conclusion of law binds neither the party nor the court.[1] The failure of defendant's counsel to object was not an omission with fraudulent intent. It was to the advantage of the plaintiff. The trial judge

---

[1] "An admission of a conclusion of law made during the trial is not binding on the court, or on the party by whom it was made." (22 C. J. sec. 505, p. 423).

In Rousseau v. Brotherhood of American Yeomen (Supreme Court of Michigan, 12/17/12), 139 Northwestern Reporter 2, it was said, inter alia: "The admission made by counsel with respect to the competency of Mr. Dupuis as a witness is not binding upon the trial court or this court." (p. 3).

In People v. Pittsburg, Ft. W. & C. Ry. Co. et al. (Supreme Court of Illinois, 2/16/10), 244 Ill. 166; 1 Northeastern Reporter 48, it was said, inter alia: "Parties cannot, by their admissions of law arising out of an undisputed state of facts, bind the court to adopt their view."

being of the opinion that the failure to object was not binding upon the trial court and that the plaintiff was not a competent witness, his testimony must be disregarded with the result that there is no evidence of record to establish the plaintiff's claim. A sense of justice impels the trial judge to do that which was done by the Supreme Court in Lockard v. Vare, supra, namely, to direct a new trial. Consequently the following order is made:

### Order of Court

And now, to wit, August 1, 1949, the trial judge makes no finding and, upon his own motion and without prejudice, orders a new trial.