Pendleton, Appellant, *v.* Philadelphia Transportation Company.

Argued January 13, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Moe Henry Hankin*, with him *Benjamin R. Shanken* and *Hankin, Hankin & Shanken*, for appellants.

*Frank R. Ambler*, with him *Jay B. Leopold*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 22, 1954:

This appeal is from the grant of a new trial in a trespass action. Plaintiff recovered a verdict. The question raised is whether the court below abused its discretion in granting defendant's motion for a new trial.

An order of the trial court awarding a new trial will not be disturbed unless it clearly is apparent that there has been a palpable abuse of discretion. Mr. Justice JONES concisely stated this principle in *Streilein v. Vogel*, 363 Pa. 379, 69 A. 2d 97, where he said (p. 385): "We have declared over and over again that the granting of a new trial lies within the inherent power of a trial court and that an exercise thereof will not be interfered with on review unless the record shows such action to be a clear abuse of discretion . . ."

In *Tupponce v. Pennsylvania Railroad Company,* 358
Pa. 589, 57 A. 2d 898, we said (p. 590) : " ' ". . . We
will not reverse an order awarding a new trial unless
a palpable abuse of discretion on the part of the trial
judge is disclosed or unless an erroneous rule of law,
which in the circumstances necessarily controls the
outcome of the case, is certified by the trial judge as
the sole reason for his action" : Marko v. Mendelowski,
313 Pa. 46, 169 A. 99' : Girard Tr. Co. v. Geo. V. Cresson
Co., 333 Pa. 418, 422, 5 A. 2d 221". And in *Bellettiere
v. Philadelphia,* 367 Pa. 638, 81 A. 2d 857, our present
Chief Justice HORACE STERN made a comprehensive
analysis of the principles governing the grant or re-
fusal of a new trial and in a footnote he collected a
host of supporting cases. A trial court must give rea-
sons for its action. Conclusions alone, such as "in-
terests of justice", are insufficient: *Beal v. Reading
Company,* 370 Pa. 45, 49, 87 A. 2d 214.

In the present case the reason assigned by the court
for the grant of a new trial was that "the verdict was
against the weight of the evidence". See *Harris v.
Ruggles Lumber Company,* 376 Pa. 252, 254, 101 A.
2d 917. When such a reason is assigned, it is the duty
of an appellate court to examine the testimony in or-
der to determine whether or not the court abused its
discretion. In *Decker v. Kulesza,* 369 Pa. 259, 85 A.
2d 413, the reason given by the court below for grant-
ing a new trial was that the verdict was against the
weight of the evidence. Mr. Justice CHIDSEY said (p.
263) : "While an award of a new trial is an inherent
power of the court and its exercise a matter of dis-
cretion, the discretion is not an absolute one and it
is the duty of this Court to review and determine
whether there has been an abuse of discretion : [citing
cases] . . . ." The judgment in that case was reversed
because of the conflicting testimony ; the issue was for
the jury. In our view the verdict was not against the

weight of the evidence. See also: *Carroll v. Pittsburgh,* 368 Pa. 436, 84 A. 2d 505; *Phillips v. Cowden,* 370 Pa. 288, 88 A. 2d 404; *Wexler v. Bonwit, Teller & Company of Philadelphia,* 372 Pa. 250, 93 A. 2d 454; *Gawron v. Levine,* 373 Pa. 384, 96 A. 2d 149.

The trespass action in this case was instituted by William James Pendleton and Martha Pendleton, a husband and wife, to recover for injuries received by the wife as a result of a fall in attempting to alight from a motor bus operated by Philadelphia Transportation Company, the defendant. The allegation of negligence was the assertion "that the rubber matting on the step", in which the wife-plaintiff caught her foot and was thrown to the ground, "was loose and defective". The accident occurred on a clear morning, at about 8 o'clock. When the bus stopped at Mt. Pleasant Avenue and Lincoln Drive, in Philadelphia, the wife-plaintiff proceeded to get off. In descending the steps she caught her heel. There were only three other passengers on the bus besides the driver. All were called to testify at the trial. For the plaintiffs there is only the wife's own uncorroborated and vague testimony. She asserted that the alleged imperfection in the rubber matting was on the top of the steps. She marked a cross on the photograph exhibited at the trial which showed the location of the allegedly defective mat to be on the *floor* of the bus at the doorway. The bus driver was called to testify for the plaintiffs as under cross-examination. He said the matting was in good condition. He was asked what the scuff marks were on the risers of each of the steps. In answer to this question he said "That is where people catch their heels getting out". He thus clearly indicated that the heels of the passengers, in alighting from the bus, sometimes rub up against the back of the step causing the scuff marks. He further testified: "I said they catch their feet, the risers on the back of the steps rub against

the heels, rub against the risers on the back of the steps and that [the risers in the photograph] is what you are showing me". Appellants would have us construe this testimony as corroborating the wife-plaintiff's testimony. But the wife-plaintiff definitely asserted the alleged defect was on the *top of the stairs* while the driver testified about the condition of the risers *of the steps* where there was no evidence of a defective condition.

The testimony given by the plaintiff, in her attempt to prove that the rubber mat was worn and shredded, was unconvincing. The testimony of all the other witnesses indicated the facts to be otherwise. Sufficient doubt was raised as to the factual strength of the plaintiff's case to justify the trial court to award a new trial. Two of the passengers and the driver testified that the rubber mat was in good condition. The other passenger testified that she did not see anything wrong. Only one passenger actually saw the wife-plaintiff stumble and catch the pole near the door. No one but plaintiff herself testified that the rubber matting was permitted to exist in a negligent state.

From a review of the entire record, it is clear that the trial judge did not abuse his discretion in ordering a new trial.

The order is affirmed.