Kiska, Appellant, *v.* Rosen.

Submitted April 11, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Albert F. Sabo,* for appellant.

*James Dessen,* for appellee.

OPINION BY ERVIN, J., July 17, 1956:

The plaintiff sued in assumpsit to recover the amount of $966.66 with interest, representing the balance due on a promissory note in the principal sum of $2,000.00 on which part payments had been made totalling $1,033.34. The note reads as follows:

"$2000 00/100                              Feb. 4, 1950
One (1) year after date we promise to pay to
the order of            Anthony M. Kiska
Two Thousand ................00/100 Dollars
Payable at 936 N. Newmarket St., Phila. With-
out defalcation, for value received @ 6% per
annum.
                    JOS. ROSEN & SONS
                    Joseph Rosen-Milton Rosen
No. 59 Due Feb. 4, 1951                        Atty."

The complaint in assumpsit contained two counts, one
against Joseph Rosen and the second against Milton
Rosen. In the second count it was averred that Milton
Rosen was one of the makers of the note which was de-
livered to the plaintiff by Milton Rosen. No answer
was filed by Joseph Rosen and judgment was entered
against him by default. Milton Rosen filed an answer
denying that he was a maker and setting forth that
he signed only as Milton Rosen, attorney, and that the
sole owner of Joseph Rosen and Sons was Joseph Rosen,
who was the duly registered owner under the Fictitious
Names Act. The answer also denied that Milton Rosen
made the part payments specified in the complaint and
set forth that the payments were made with funds be-
longing to Joseph Rosen. The case was tried before
the lower court without a jury and judgment was en-
tered for the plaintiff. From the order of the court
in banc granting defendant a new trial the plaintiff
has appealed.

"One who appeals from the grant of a new trial as-
sumes a very heavy burden indeed. Before we will re-
verse, the appellant must be able to show that the trial
court was guilty of a palpable abuse of discretion or
acted on an erroneous rule of law which, in the cir-
cumstances, controlled the outcome of the case and is
certified by the trial court as the sole reason for the

granting of a new trial." *Mozino v. Canuso*, 384 Pa. 220, 223, 120 A. 2d 300. The granting of a new trial on the ground that the verdict is against the weight of the evidence is peculiarly for the court below. *Savitz v. Gallaccio*, 179 Pa. Superior Ct. 589, 118 A. 2d 282.

The court below in its opinion succinctly states: "Construing the complaint as a whole, the plaintiff's position evidently is that the signature 'Milton Rosen, Atty.' has a dual effect, to wit: (1) effectively binding Joseph Rosen as principal by the description of Milton Rosen as attorney, (2) binding Milton Rosen in his individual capacity." The plaintiff in his complaint clearly recognized that Milton Rosen was acting as the authorized agent of Joseph Rosen. Acting in that capacity, he was not liable to the plaintiff. Section 20 of the Negotiable Instruments Law, Act of May 16, 1901, P. L. 194, 56 PS §20, provides: "Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." However, a person known to be acting as an agent in signing a contract may still incur personal liability if in signing the contract he purports to act as a principal. As stated in *Horwath v. Simon*, 95 Pa. Superior Ct. 410, 414.: "A person contracting as agent will be personally liable, whether he is known to be agent or not, in all cases where he makes the contract in his own name or voluntarily incurs a personal responsibility either expressed or implied: . . . ." See *Brunetto v. Ferrara*, 167 Pa. Superior Ct. 568, 76 A. 2d 448. It is true the instrument in the instant case

sets forth in the body that "we" promise to pay. However, there is no testimony that Milton Rosen expressly assumed any personal liability. Nor is there any testimony that Milton Rosen was a part owner of the business registered in the name of Joseph Rosen and Sons. Moreover, according to his own testimony the plaintiff questioned defendant's authority to sign his father's name to the instrument and defendant thereupon added the designation "Atty." after his signature. It was thus obvious that defendant was acting in a representative capacity only.

We agree with the conclusion of the court below that the plaintiff failed to sustain his burden of proof.

The order granting a new trial is affirmed.