Jess *v.* McMurray, Appellant.

Argued November 18, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Paul Silberblatt*, with him *Bell, Silberblatt & Swoope*, for appellants.

*John B. Gates*, with him *Eugene G. Kitko*, for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, January 12, 1959:

These several actions of trespass against the same defendants for personal injuries and property damage to the plaintiffs as a result of a collision between two automobiles were consolidated for trial. The jury returned verdicts for the defendants. The plaintiffs moved for a new trial which the court granted for the assigned reason that the trial judge had mistakenly hindered the plaintiffs' cross-examination of one of the defendants in an important particular.

The court, in its opinion on the motion for a new trial, recognized that, "It is obvious the cross-examination was to develop admissions on the part of the defendant, Richard McMurray, contrary to his testimony in chief. McMurray being a party to the action, such cross-examination is proper, as it goes directly to the credibility of the witness, and as pointed out in Commonwealth v. Rothman, 168 Pa. Superior Ct. 163, the cross-examination of a witness, *and more particularly a party to the action* for purpose of impeachment, or the credibility of such party, is a right, and not dependent upon the discretion of the court." (Emphasis supplied.)

The rule that the scope of cross-examination may not properly exceed the scope of the direct is not applicable where a party to the action offers himself as a witness. He may be cross-examined freely as to any matter relevant and material to the issues: *Greenfield v. Philadelphia*, 282 Pa. 344, 348, 349, 127 A. 768; *Short v. Allegheny Trust Company*, 330 Pa. 55, 59, 198 A. 793.

In affirming an order granting a new trial in *Mozino v. Canuso*, 384 Pa. 220, 223, 120 A. 2d 300, we reiterated the oft-cited rule that "One who appeals from the grant of a new trial assumes a very heavy burden

indeed. Before we will reverse, the appellant must be able to show that the trial court was guilty of a palpable abuse of discretion or acted on an erroneous rule of law which, in the circumstances, controlled the outcome of the case and is certified by the trial court as the sole reason for the granting of a new trial. The statement of the rule most frequently cited appears in Marko v. Mendelowski, 313 Pa. 46, 47, 169 A. 99, which has been quoted many times down to the present. See e.g., Pendleton v. Philadelphia Transportation Company, 376 Pa. 598, 600, 103 A. 2d 724; Beal v. Reading Company, 370 Pa. 45, 47-48, 87 A. 2d 214; Foster v. Waybright, 367 Pa. 615, 618, 80 A. 2d 801; and Tupponce v. Pennsylvania Railroad Company, 358 Pa. 589, 590, 57 A. 2d 898."

The reason assigned by the court below for the granting of a new trial in the instant cases was sufficient justification for the action so taken and did not constitute an error of law or a palpable abuse of discretion.

Order affirmed.