583 A.2d 5

**Gerald P. McKEE, t/a Capital Resource Associates**

v.

**Lewis P. MOON, Jr., and J.W. Moon, Inc.**

**Appeal of Lewis P. MOON, Jr.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1990.

Filed Dec. 10, 1990.

Harold DeWalt, Easton, for appellant.

Ralph J. Bellafatto, Easton, for appellee.

Before McEWEN, DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the learned court's final order finding appellant, Lewis P. Moon, Jr., individually liable for the unpaid balance of ten thousand one hundred twenty-six dollars and twenty-five cents ($10,126.25) to the above-captioned appellee, Gerald P. McKee, for work performed by McKee for J.W. Moon, Inc. At the time this case arose, appellant was president of J.W. Moon, Inc., hereinafter "the corporation." For the reasons set forth below, we affirm.

The sole question to be resolved is whether paragraph five (5) contained in the contract between McKee and the corporation, placed responsibility upon Lewis P. Moon, Jr. president of the corporation, as an individual and not as a corporate officer for payment of the sum McKee claims is due as a remaining balance for work performed by him for the corporation. Paragraph five (5) reads as follows:

The person executing this Agreement on behalf of the Client represents that he or she has full authority to do so and guarantees the payment by Client to Agent of all the fees and expenses described above. The parties further agree that this Agreement shall not be altered or amended without written consent of both parties hereto.

The evidence at trial discloses that at the time the contract was prepared, appellee's counsel explained the agreement to appellant paragraph by paragraph and word for word to make certain that appellant understood the significance of his personal and individual responsibility in the event his corporate "client" defaulted in payment for work performed by McKee. Appellant denies paragraph five (5) is to be construed as McKee's counsel asserted at trial. The appellant also contends that he signed the agreement as an agent of the corporation and not as an individual grantor.

As the learned trial court, in this non-jury case, stated:

In view of the language of paragraph 5, the failure of Mr. Moon to execute the contract in his individual as well as his representative capacity is not vital to the [appellee's]

claim. This case is governed by the well established principle of law that an individual acting as an agent for a disclosed principle is not personally liable on a contract between the principle and a third party unless the agent specifically agrees to assume liability. *Vernon D. Cox and Company, Inc. v. Giles*, 267 Pa.Super. 411, [415,] 406 A.2d 1107, 1110 (1979).

*See also Pennsylvania Gas & Water Co. v. Nenna & Grain, Inc.*, 320 Pa.Super. 291, 467 A.2d 330 (1983) (person contracting as agent is personally liable where he makes contract in his own name or voluntarily incurs personal responsibility); *Kiska v. Rosen*, 181 Pa.Super. 506, 124 A.2d 468 (1956) (person who contracts as agent will be personally liable where he makes the contract in his own name or voluntarily incurs personal responsibility, either expressed or implied). After listening to the extensive testimony of the witnesses pertaining to the understanding and meaning of paragraph five (5), and judging its credibility, and upon examining the language of the paragraph in this contract, the learned lower court correctly found that appellant specifically agreed to assume individual responsibility for payment of the claimed sum.

Judgment affirmed.