Mohr et al., Appellants, *v.* Plotkin.

Argued March 26, 1958. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

616

*Donald M. Bowman,* with him *Bernard J. Korman,* and *Gold & Bowman,* for appellants.

*Bernard J. Smolens,* with him *John J. McDevitt, III,* for appellees.

OPINION BY WRIGHT, J., June 11, 1958:

On June 22, 1955, at the intersection of Olney Avenue and Tenth Street in the City of Philadelphia, there was a collision between a Ford sedan automobile owned by Lewis Mohr, operated by his wife Ida, in which their minor children, Patricia and Carol, were passengers, and a Chevrolet sedan automobile owned by Jack Plotkin, operated by his daughter Geraldine. A trespass action was instituted on behalf of Patricia and Carol by Lewis, as their guardian, and by Ida and Lewis in their own rights against Jack and Geraldine. The cause of action of Ida was severed, and she was joined as an additional defendant with respect to the claims of Patricia, Carol, and Lewis. Jack then filed a counterclaim against Ida, whereupon Geraldine was joined as an additional defendant with respect to the counterclaim. The jury returned verdicts for Patricia, Carol, Ida and Lewis against Geraldine, and in favor of Ida as to Jack's counterclaim. The court below thereafter granted a new trial, and these appeals followed.

In his opinion for the court en banc, the trial judge takes the position that his charge to the jurors did not

adequately assist them in determining the controlling issue of negligence on the part of the respective drivers, wherefore "the case must be retried in order that the relative rights and liabilities of the parties may be determined under proper guidance". We are therefore presented with the somewhat unusual situation of an appellant arguing in support of a charge which the trial judge himself feels was insufficient. In his statement under our Rule 39, appellant phrases the question raised as follows: "Did the charge of the Learned Trial Judge provide the jury with adequate guidance?" In his brief, however, appellant recognizes that the question involved actually is whether the court below abused its discretion in granting the new trial. Our answer to this question is in the negative.

"One who appeals from the grant of a new trial assumes a very heavy burden indeed. Before we will reverse, the appellant must be able to show that the trial court was guilty of a palpable abuse of discretion or acted on an erroneous rule of law which, in the circumstances, controlled the outcome of the case and is certified by the trial court as the sole reason for the granting of a new trial": *Mozino v. Canuso,* 384 Pa. 220, 120 A. 2d 300. See also *Muroski v. Hnath,* 392 Pa. 233, 139 A. 2d 902. The presumption is that the trial court was justified in granting a new trial even when the reason given is insufficient, unless it is stated to be the only reason: *Bellettiere v. Philadelphia,* 367 Pa. 638, 81 A. 2d 857. See also *Class & Nachod Brewing Co. v. Giacobello,* 277 Pa. 530, 121 A. 333; *Marko v. Mendelowski,* 313 Pa. 46, 169 A. 99. The grant of a new trial in an action of trespass because the trial judge feels that he did not properly instruct the jury does not constitute an abuse of discretion: *Joannides v. Norris,* 337 Pa. 234, 11 A. 2d 139. And see *Pleasant v. Carr,* 387 Pa. 634, 130 A. 2d 189.

As a matter of fact, the instant charge is markedly similar to that in *Hess v. Mumma,* 136 Pa. Superior Ct. 58, 7 A. 2d 72, wherein the lower court refused a new trial and we reversed because the legally established methods of determining the factual questions were not explained to the jury. A fortiori, we do not propose to reverse the grant of a new trial in the case at bar wherein the trial judge frankly states: "The inadequacy of the charge in the required analysis of the testimony with respect to the application of the pertinent principles of law, and elucidation of the factual issues in terms of the legal duties and obligations of the drivers of the vehicles involved was basic and fundamental".

One other matter should be mentioned. Geraldine Plotkin testified that she attained the age of eighteen years on May 15, 1956. She is therefore still a minor. Apparently this significant circumstance was entirely overlooked, which would in itself be sufficient basis for the grant of a new trial. See Pa. R. C. P. 2034(d).

Order affirmed.