Cooper *v.* Columbia Gas of Pennsylvania, Inc. et al., Appellants.

Argued October 10, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Richard N. McKee*, with him *Mansell and McKee*, for appellants.

*Theodore M. Tracy*, with him *Francis X. Caiazza*, and *Stokes, Lurie & Tracy*, for appellee.

*Howard C. Klebe*, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 15, 1969:

The plaintiff in this action was seriously injured when a front wheel of the truck he was operating dropped into a hole 8 to 10 inches deep on a public street causing the vehicle to veer out of control and run off the highway. At the time of the accident, it was raining and the hole was filled and covered with water. Damages were sought from the Columbia Gas of Pennsylvania, Inc. (hereinafter Columbia), and J. F. Travers, Inc. (hereinafter Travers),[1] whose negligence allegedly caused and permitted the dangerous condition on the highway to exist. At trial the jury returned a verdict in favor of the plaintiff in the sum of $85,000 against Columbia only. Post-trial motions were overruled by the court en banc, and following entry of the judgment on the verdict, Columbia filed this appeal.

The substance of Columbia's argument on appeal is that the jury could not, under the proof, consistently

---

[1] Manufacturers Light and Heat Company was also named as a defendant, but for the purposes of this appeal need not be mentioned.

return a verdict finding Columbia liable and Travers not liable, and that such a verdict manifestly resulted from a capricious disregard of the law and the evidence. Hence, Columbia maintains that it is entitled to a new trial, and that the court below erred in not making such an order.

The record discloses the following: The hole which caused the accident resulting in plaintiff's injuries was dug in the street by employees of Columbia five days before the occurrence, while the employees were engaged in repairing a faulty gas line located underneath the street. As excavated, the hole was 3 feet deep, 3 feet wide and 4 feet long. Immediately following completion of the gas line repairs, Columbia's employees refilled the hole with the dirt and chunks of pavement which had been removed during the excavating. Since the street was part of the Pennsylvania highway system, such an excavation should not have occurred without the prior issuance of a permit by the highway department. No such permit was requested or issued. Furthermore, if such a permit were issued, regulations of the department required, inter alia, that any break in the pavement be repaired immediately with a 2 inch bituminous material and so maintained until permanent restoration. Columbia's employees did not comply with this regulation. Additionally, if such a permit were issued, it was not assignable or transferable.

In defense Columbia attempted to place the responsibility upon the defendant Travers for failing to repair properly the break on the surface of the street involved. Columbia introduced oral testimony, *which was unrefuted* at trial, to show that Travers did all of Columbia's paving work in the area; that in accordance with a long standing oral arrangement between them, Columbia would notify Travers of an excavation, such as the one made in this case, as well as its loca-

tion and measurements; that Travers was then required to maintain the existing break in the street and would immediately do so with crushed stone until weather conditions or until Travers' convenience permitted permanent restoration; that Travers was notified of the particular excavation here involved and failed to do anything about maintaining the safety of the roadway before the accident occurred.

In refusing a new trial, the court below recognized that for the verdict to be consistent it was necessary for the jury to have disbelieved Columbia's evidence concerning Travers' contractual responsibility to repair the break in the surface of the street. For since no one challenged the fact that Travers did not carry out such repairs before the accident, it could be absolved of blame only if the jury concluded that it had no duty to make the repairs.

Despite the fact that Columbia's evidence of Travers' contractual responsibility to repair the surface was uncontradicted at trial, the lower court concluded that *Varallo v. Penna. Railroad Company,* 424 Pa. 1, 225 A. 2d 552 (1967), precluded the grant of a new trial. It read our decision therein to mean that whenever the rights of a party against another depend upon oral testimony, the trial court may never grant a new trial on the ground that the verdict is against the weight of the evidence; otherwise, the court would be impinging upon the exclusive function of the jury to resolve the credibility of the oral testimony. We do not so read *Varallo.*

In *Varallo,* an action wherein the plaintiff sought compensation for personal injuries allegedly caused by the defendant's negligence, the jury found for the defendant, and the trial court granted a new trial on the ground that the verdict manifested a capricious disregard of the evidence. We reversed and ruled that the verdict was not capricious because the evidence

fully supported a finding by the jury that the testimony of the plaintiff was unworthy of belief, and, this being so, that the plaintiff had not met the burden of establishing a case warranting recovery.

On the other hand, Columbia's evidence here that Travers was contractually required to repair the street involved, after notice of the excavation, was not only *unrefuted* at trial, but from the testimony offered by Travers, the only reasonable conclusion is that such an obligation existed. In fact, the testimony disclosed that an employee of Travers did proceed to make temporary repairs subsequent to the happening of the accident.

It is true that the credibility of oral testimony is peculiarly for the jury. *McConn v. Commonwealth, Department of Highways*, 431 Pa. 574, 246 A. 2d 677 (1968). It is also true that a jury does not have to believe oral testimony, or any portion thereof, even though it is uncontradicted. *Karcesky v. Laria*, 382 Pa. 227, 114 A. 2d 150 (1955). However, this does not mean that where oral testimony is basic and the jury, by its verdict, indicates a disbelief of such testimony, the court may not in a proper case conclude that there was a capricious disregard of the evidence. As we stated in *Clewell v. Pummer*, 388 Pa. 592, 131 A. 2d 375 (1957), a court "has not only an inherent fundamental and salutary power, but it is its duty, to grant a new trial when it believes the verdict was capricious or was against the weight of the evidence and resulted in a miscarriage of justice." We are persuaded that this is such a case.

We will, therefore, grant a new trial, limited solely to a determination of the liability of Travers in this case. However, it is neither fitting nor just to upset the plaintiff's verdict. In *Trerotola v. Philadelphia*, 346 Pa. 222, 29 A. 2d 788 (1943), we faced a situation not unlike this one. The plaintiff had won a verdict

against the defendant gas company, but was unsuccessful against the codefendant City of Philadelphia. The trial court ordered a new trial as to the City, but denied the gas company's motion for a new trial. In upholding those orders, we said at pages 226-227: "We do not agree with the Gas Company that because the court ordered a new trial against the City, (which had been *ex*culpated by the jury's verdict) a new trial should be ordered for it, the Gas Company, (which had been *in*culpated by the jury's verdict). The Gas Company contends that 'an obvious injustice might be done' unless a new trial should be granted *both* defendants. We think an obvious injustice would be done to this plaintiff if he should not be permitted to hold the verdict he won in a fair trial, against the Gas Company. Having secured a verdict against *one* of two alleged tort-feasors, the plaintiff should not be denied of his judgment because the court believes that the verdict should have been rendered against *both* of the alleged tort-feasors."

It is so ordered.

Mr. Justice MUSMANNO did not participate in the decision of this case.