Naponic *v.* Carlton Motel, Inc., Appellant.

Argued November 10, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Joseph A. Hudock,* with him *Avra N. Pershing, Jr.,* and *Pershing, Hudock & Leslie,* for appellant.

*A. C. Scales,* with him *Henry E. Shaw,* and *Scales and Shaw,* for appellees.

OPINION BY WATKINS, J., April 13, 1972:

This is an appeal from the judgment of the Court of Common Pleas, Westmoreland County, entered on the verdict in favor of the plaintiff-appellees, Twila E. Naponic and Michael Naponic, her husband, and against Carlton Motel, Inc., a corporation, the defendant-appellant, in a trespass action; and from the denial of post-trial motions for a new trial and judgment n.o.v.

The appellee-wife worked in a restaurant located on the second floor of the Carlton Motel. The only means of access to the restaurant was an outside flight of stairs consisting of fourteen uncovered, metal steps. An iron handrail extended along both sides of the steps. The top of the steps was about six feet from the restaurant and the bottom step led to the motel parking lot. The steps were used by patrons of the motel in going to the second floor level of the motel;

and to the bar and restaurant. They were also used by motel employees and by persons making deliveries.

The appellee went to work at 7 A.M. on May 9, 1966. At that time the steps were covered with snow. The parking lot was wet, slushy and muddy. It had chips on it but was not paved. She went up on the right-hand side of the steps holding onto the rail. It continued to snow and rain during the day and mud and dirt had been tracked onto the steps.

The accident occurred when she was descending the steps on her way home from work at 2:45 P.M. The step on which she fell was about the fifth down. It was bent, twisted and warped so as to cause water to collect on the tread and cover the whole surface. The tread was worn smooth as glass.

The steps were not cleaned between 7 A.M. and 2:45 P.M. and one of the owners of the motel had gone down the steps a short time before the appellee.

The appellant claimed that there was a conflict in the appellee's testimony compared to what was contained in her deposition concerning mud on the stairs. The appellant contends that she stated in her testimony when cross-examined about the deposition that her testimony concerning mud was mere conjecture. The record does not support this. In her deposition, she said something had been spilled on the step, "some kind of detergent or something was on the step there". She was not asked about mud, but then testified at the trial that mud was tracked from the parking lot on the steps which was quite consistent with the description of the steps and the snowy and muddy parking lot.

The contention that the verdict is against the evidence and against the weight of the evidence is without merit. We join with the court en banc below in holding "We have reviewed the entire record in this case and are satisfied that the verdicts are substantiated by the evidence. Defendant's contention that

the wife plaintiff's testimony was so inconsistent as to be disregarded we find to be without merit. The inconsistencies were minor and within the province of the jury to resolve. There was ample testimony of the defect in the stairway and of its being present for a period greater than seven (7) hours at a well traveled area."

"A new trial should be awarded on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Burrell v. Philadelphia Electric Company*, 438 Pa. 286, 289, 265 A. 2d 516 (1970).

In this case, the appellant owed the appellee the affirmative duty of keeping its premises reasonably safe for business visitors and of giving warning for any failure to maintain them in that condition. *Pastuszek v. Murphy Plywood Corp.*, 219 Pa. Superior Ct. 59, 61, 280 A. 2d 644 (1971). See also, *Lear v. Shirk's Motor Express*, 397 Pa. 144, 152 A. 2d 883 (1959).

The step in this case that caused the fall was bent, twisted and warped. The presence of mud, snow and water and the worn smooth condition of the metal step created a dangerously slippery condition. The steps were not cleaned from 7 A.M. to 2:45 P.M. A reasonable inspection would have made the appellant aware of the situation. One of the owners had walked down the stairs before the accident. It does seem to follow that when it was snowing and raining on these metal steps that patrons would track mud and dirt from the unpaved parking lot and it is reasonable that some cleaning-up process was necessary. The evidence clearly made out a question for the jury as to both actual and constructive notice of the dangerous condition.

*Mack v. Pittsburgh Railways Company,* 247 Pa. 598, 93 A. 618 (1915).

The appellant further contends that the court below erred in refusing to grant appellant judgment n.o.v., on the ground the appellee was contributorily negligent as a matter of law. "In considering a motion for judgment non obstante veredicto the verdict winner must be given the benefit of the evidence which is most favorable to him, together with all inferences therefrom: Chambers v. Montgomery, 411 Pa. 339, 192 A. 2d 355." The rule regarding the grant of a compulsory nonsuit (also n.o.v.) because of the existence of contributory negligence as a matter of law is equally as strict. "We have said again and again that contributory negligence should not be declared as a matter of law except in a very clear case and only where the evidence thereof is so clear and palpable that there is no room for fair and reasonable men to differ in their conclusions as to its existence." *Gillingham v. Patz,* 429 Pa. 308, 312, 239 A. 2d 287 (1968); *Perciavelle v. Smith,* 434 Pa. 86, 89, 252 A. 2d 702 (1969).

In *Morris v. Atlantic and Pacific Tea Company,* 384 Pa. 464, 469-70, 121 A. 2d 135, 139 (1956), the Supreme Court said: "The fact that a controverted terrain is dangerous, or potentially so, does not of itself prove contributory negligence. Where a proprietor allows to develop a dangerous condition which could have been avoided, it is no conclusive defense against a person injured thereby to say that he could see the danger. The plaintiff in the case at bar had to go home sometime, she could not remain at the store indefinitely. The question to be determined in situations of this kind is whether the danger so outproportions the hardship of seeking ways out of it, that the Court should say it was folly for the guest to enter the danger zone at all.

"In the field of contributory negligence there is an area which although potenially dangerous is not prophetic of resultant mishap. A pedestrian may enter this area, if the exigencies of the moment require him to do so, and if injured therein, it cannot be said that he has convicted himself of contributory negligence as a matter of law. Then there is an area of obvious peril, where, regardless of necessity, the traveler is forbidden to enter, on pain of culpable contributory negligence should there be accident. These areas are not necessarily widely separated. They may be contiguous and even at times overlapping. It is for the jury to decide in which area the plaintiff was moving when events went awry." See also, *Milburn v. Knights of Columbus Home Association,* 167 Pa. Superior Ct. 509, 76 A. 2d 466 (1950).

Judgment affirmed.

MONTGOMERY, J., dissents and would grant a new trial.