421 A.2d 432

**Frank MACINA**

v.

**Robert McADAMS, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1980.

Filed July 25, 1980.

C. Dean Francis, Philadelphia, for appellant.

G. Taylor Tunstall, Philadelphia, for appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

SPAETH, Judge:

This appeal arises from an order granting a new trial.

On December 31, 1970, at approximately 5:00 a. m. appellee was driving a milk truck on Roosevelt Boulevard in Philadelphia when he was hit from the rear by an automobile operated by appellant. Appellee subsequently instituted a trespass action alleging that appellant's negligence caused him to sustain back injuries. At trial appellant admitted that his negligence caused the accident, but claimed that appellee had suffered no injury. The jury returned a verdict in favor of appellant, and appellee filed a motion for judgment *non obstante veredicto* or a new trial. The lower court refused to order judgment n. o. v., but granted a new trial on the ground that the jury's verdict was contrary to the evidence.

Appellant argues that the lower court erred in granting a new trial because the causation of appellee's back injuries was an issue for the jury to determine. Specifically, he asserts that a jury question was raised by Dr. Bong Lee's testimony that he could not find any traces of traumatic injury to appellee's back when he examined appellee almost four years after the accident, and that he believed that any disability appellee was experiencing at that time was the result of a birth defect. Appellant also cites appellee's testimony regarding his employment. It appears that the accident did not cause appellee to miss work, and that for a year and a half after the accident, he continued to work as a milkman, lifting milk cartons weighing 50 to 60 pounds. It also appears that when appellee quit his job as a milkman, he became a general masonry and cement contractor, employment which also entailed manual labor. Appellant further asserts that appellee's credibility as a witness was undermined during cross–examination regarding the preparation of his income tax returns.

"It is the general rule that the granting or denying of a new trial is a decision within the sound discretion of the trial judge." *Palmer v. Brest*, 254 Pa.Super. 532, 536, 386 A.2d 77, 79 (1978). Thus,

"[o]ne who appeals from the grant of a new trial assumes a very heavy burden indeed. Before we will reverse, the appellant must be able to show that the trial court was guilty of a palpable abuse of discretion or acted on an erroneous rule of law which, in the circumstances, controlled the outcome of the case and is certified by the trial court as the sole reason for the granting of a new trial." *Mohr v. Plotkin*, 186 Pa.Super. 615, 617, 142 A.2d 414, 415 (1958), *quoting Mozino v. Canuso*, 384 Pa. 220, 223, 120 A.2d 300, 301 (1956).

*See also Eisert v. Jones*, 399 Pa. 204, 159 A.2d 723 (1960); *Seidel v. Yeadon Borough*, 191 Pa.Super. 45, 155 A.2d 370 (1959). However, a trial court

may not grant a new trial merely because it believes that the jury should have decided differently. A new trial should not be granted on the ground that the verdict is against the weight of the evidence where the evidence is conflicting and the jury could have decided in favor of either party. *Hilliard v. Anderson*, 440 Pa. 625, 271 A.2d 227 (1970); *Burrell v. Philadelphia Electric Company*, [438 Pa. 286, 265 A.2d 516] supra; *Carroll v. Pittsburgh*, 368 Pa. 436, 84 A.2d 505 (1951). "A new trial should be awarded on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. *Jones v. Williams*, 358 Pa. 559, [564], 58 A.2d 57; *Carroll v. Pittsburgh, supra*, 368 Pa. at 447, 84 A.2d 505; *Brown v. McLean Trucking Co.*, 434 Pa. 427, 429–30, 256 A.2d 606 (1969)." *Burrell v. Philadelphia Electric Company, supra*, 438 Pa. at 289, 265 A.2d at 518. See also *Naponic v. Carlton Motel, Inc.*, 221 Pa.Super. 287, 289 A.2d 473 (1972). *Dixon v. Andrew Tile & Mfg. Corp.*, 238 Pa.Super. 275, 280, 357 A.2d 667, 670–71 (1976).

*See also Weaver v. Firestone Tire & Rubber Co.*, 267 Pa.Super. 526, 407 A.2d 45 (1979); *Sindler v. Goldman*, 256 Pa.Super. 417, 389 A.2d 1192 (1978).

Applying these principles, we have concluded that the lower court did not abuse its discretion in granting a new trial.

■ Appellee testified that the accident caused him to spring forward and back in his seat, and that while he did not notice any physical injury at the time, by the following day his back began to bother him. He subsequently visited his family physician, who, in turn, referred him to an orthopedic specialist, Dr. Stanley Brown. Dr. Brown examined appellee on three occasions during 1971 and as a result of the examinations appellee obtained medication and bought a back brace. Meanwhile, appellee continued to work as a milkman, even though the lifting of milk cartons was painful, because the salary was good and he had a family to support. In July 1972, appellee had to quit his job as a milkman because he "couldn't handle it no more." Much of the manual labor involved in his subsequent employment as a general contractor was performed by other persons.

The above testimony was not contradicted by appellant, nor was the testimony of appellee's wife concerning the disability appellee experienced after the accident. Moreover, Dr. Brown testified to his belief that appellee was born with a weak back, that his back was injured in the accident, and that the disability appellee was experiencing resulted from the accident. While Dr. Lee testified for appellant that he believed the trauma of the accident was not responsible for the disability appellee complained of, when he examined appellee almost four years after the accident, Dr. Lee refrained from stating that the accident caused appellee no injury. Indeed, Dr. Lee testified that he thought appellee might have suffered "a soft tissue injury from the accident." N.T. at 210.

■ It is true, as appellant contends, that the jury might have disbelieved all of appellee's proof regarding his injuries, even though much of the proof was uncontradicted. Yet, even if the jury could have done so without rendering

its verdict arbitrary and capricious, appellee was nevertheless entitled to recover the expenses he incurred for medical examinations to determine whether he had been injured in the accident. *Gudat v. Heuberger,* 275 Pa.Super. 535, 419 A.2d 30 (1980); *Surgent v. Stein,* 280 Pa.Super. 142, 421 A.2d 445 (1980) (SPAETH, J., concurring).

It may be noted that the lower court stated in its opinion filed pursuant to Pa.R.A.P. 1925(a) that its "decision to grant a new trial was based on the overwhelming evidence supporting the contention that [appellant] was solely responsible for the accident." Slip op. at 4. The court also stated that "[i]f, in fact, [appellee] cannot prove that the alleged injury to his back or his alleged lost wages are due to the accident, he would still be entitled to a verdict in his favor, however small in amount." Slip op. at 5. These statements indicate a misunderstanding by the lower court of the elements of a cause of action founded upon negligence. Those elements are:

1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.

2. A failure on his part to conform to the standard required.

3. A reasonably close causal connection between the conduct and the resulting injury . . . .

4. Actual loss or damage resulting to the interests of another.

Prosser, Law of Torts, § 30 at 143 (4th ed. 1971). *See also Brodhead v. Brentwood Ornamental Iron Co., Inc.,* 435 Pa. 7, 255 A.2d 120 (1969); *Surgent v. Stein, supra; Speck v. Finegold,* 268 Pa.Super. 342, 370, 408 A.2d 496, 511 (1979) (SPAETH, J., concurring and dissenting) (loss or damage is element of action founded upon negligence). The subcommittee note to Pennsylvania Standard Jury Instructions, Civil Instruc. No. 3.25–Legal Cause (Subcommittee Draft, Oct. 14, 1973), cited in the lower court's opinion, is not contrary. The note merely states that so as not to confuse the jury, the proposed instruction on legal cause "relates

causation to the happening of the accident, rather than to the injury or to the harm." Neither the note nor the proposed instruction purports to state—as the lower court in its opinion implies—that a jury fails in its duty if it finds for a defendant in a negligence action where the plaintiff does not prove injury resulting from the defendant's negligence.

While the lower court's opinion might be read as indicating that the lower court granted a new trial solely on the basis of its misunderstanding of the law, we believe that underlying the opinion is the perception by the lower court that appellee was entitled to some recovery from appellant, a perception that was justified, since, as we have observed, at the very least appellant was entitled to recover the expenses incurred for medical examinations. Because "[t]he presumption is that the trial court was justified in granting a new trial even when the reason given is insufficient, unless it is stated to be the only reason," *Seidel v. Yeadon Borough, supra,* 191 Pa.Super. at 50, 155 A.2d at 372; *Mohr v. Plotkin, supra,* 186 Pa.Super. at 617, 142 A.2d at 415, we shall not disturb the lower court's order.

Affirmed.

VAN der VOORT, J., concurs in the result.