421 A.2d 445

**Patricia SURGENT, Appellant,**

v.

**Jules STEIN and Timothy E. Davis.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed July 25, 1980.

Alan Lee Carb, Pittsburgh, for appellant.

William W. Guthrie, Pittsburgh, for appellees.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This case arose as a result of an automobile collision that occurred on July 3, 1975 on Monroeville Boulevard in Allegheny County. The appellant was a passenger in an automobile owned and operated by Jules Stein, appellee, when it was struck from behind by a vehicle driven by Timothy E. Davis, also an appellee. As a consequence of the collision, the appellant brought an action in trespass against the drivers of the two cars, alleging personal injuries as a result of being thrown against the dashboard of the Stein car.

On appellant's motion [1], the case was tried on a bifurcated basis on the separated issues of liability and damages, a procedure sanctioned by P.R.C.P. 213(b).

After testimony, the jury found in favor of the appellant and against both drivers on the issue of liability. The trial then resumed before the same jury on the issue of damages. Appellant testified and offered the further testimony of two lay witnesses and a doctor. The appellee Stein called a

---

1. Stein was insured, Davis was not, and appellant wished to avoid the costs incident to medical testimony if the jury were to hold that Davis alone was liable, it being his car that struck the Stein vehicle from the rear.

single witness, a doctor. The appellee Davis did not participate in the trial. The jury returned a verdict of "no injury—no damages", on the basis of which the Court directed a verdict in favor of the appellees.

Appellant filed post—trial motions for a judgment in her favor on the issue of damages, or, in the alternative, a new trial. The motions were denied by the Court en banc and judgment entered for the appellees. Appellant has appealed this ruling, and petitions that a new trial be granted, limited to the issue of damages. We deny the request.

■ Appellant contends that since the jury found in her favor on the issue of liability, it must of necessity award her damages. We cannot agree, for even if the negligence of the appellees is established, appellant still has the burden of proving that this negligence was the proximate cause of injury or damage to her. *Brodhead v. Brentwood Ornamental Iron Co.*, 435 Pa. 7, 10, 255 A.2d 120 (1969). Furthermore, it does not follow that because there was a collision the appellant was necessarily injured. Fortunately, collisions without injury are commonplace. The jury concluded that, in this instance, the appellant was neither injured nor suffered damage.

■ Appellant also asserts that such a verdict was contrary to all the evidence, not only of her witnesses, but of Dr. Samuel Sherman who examined the appellant on behalf of the appellee Stein. The contention that Dr. Sherman corroborated the appellant's claim of injury and damages is based upon a single answer to a question in cross—examination concerning a possible connection between the accident and appellant's neck and back pains:

Yes, but let me explain this. I agree that she was involved in an accident. I agree that she was hurt at the time of the accident. I can't deny that. But I feel that based on my evaluation and the prior studies, the x—ray studies, that this was relatively a minor problem, and that hospitalization certainly was not indicated and that there was no need for, in my opinion, all the treatment she had.

In context, the quoted statement was simply an acceptance by the witness of the fact that she had been in the accident and thrown against the dashboard of the Stein car. It was followed immediately by the statement that his examination of her and a study of her prior medical records and x–ray studies led him to conclude that any hurt was "relatively a minor problem" which had not justified hospitalization or all the treatment appellant had sought.

■ However, even if we treated Dr. Sherman's statement in isolation, ignored the rest of his testimony and accepted his statement as an endorsement of appellant's position that she had suffered injuries which entitled her to receive damages, it does not follow that the jury was required to return a verdict to that effect. "Neither a jury nor a judge who sees and hears the witnesses has to believe everything or indeed anything, that a plaintiff (or defendant) or his doctor or his witnesses say, even though their testimony is uncontradicted. . . . The jury could well have concluded that the wage loss claim was not genuine and that the hospitalization and medical expenses were unnecessary". *Rose v. Hoover*, 231 Pa.Super. 251, 331 A.2d 878 (1974).

In point of fact, the issue of whether there was either injury or damages was in dispute, and the jury exercised its traditional prerogative in believing one witness and disbelieving others.

The testimony of appellant and her witnesses was to the effect that she was thrown against the dashboard of the Stein automobile by the impact of the collision. A doctor who appeared at the scene of the accident from an adjacent medical office building interviewed her but prescribed no treatment, simply recommending that she see a doctor if any complications developed. Some thirteen days later, the appellant saw a doctor who was recommended to her by her attorney. Her complaints were of the soft tissue variety; i. e., a strain of the muscles or ligaments of the neck and lower back. Over the next eight months, she consulted four more doctors, had x–rays taken on two occasions, took physical therapy exercises at the Central Medical Pavilion in Pitts-

burgh three times a week for a period of four weeks, and was hospitalized for observation at the Monsour Medical Center for nine days beginning January 28, 1976, during which stay she was put in traction. One of her doctors, a chiropractor, concluded that she had a vertebra out of place, and the doctor who hospitalized her detected muscle spasms. Another of her doctors prescribed sitting–up exercises and another a medical corset. None of these treatments helped her.

A lay witness testified that he had offered her a position as a manager of a boutique, which she was unable to accept because of her injuries, testimony which was self–contradictory with respect to what store was involved, the wage to be paid and whether the position had not already been filled by the employment of another.

Appellant's medical testimony was answered by Dr. Samuel Sherman, who examined the appellant and reviewed her earlier x–rays and medical records on behalf of the appellee Stein on March 25, 1976. He testified that she was in good physical condition when he examined her and had no need for further medical treatment, that the x–rays taken earlier in her medical history showed no injury, that he could find nothing in her other medical and hospital records to corroborate the existence of any injury resulting from the accident, that her hospitalization had been unnecessary, and that he saw no need for the extensive treatment that she had undergone. He concluded that by nature the appellant was a chronically tense and nervous woman, and that this was the probable explanation of the symptoms that she identified. He testified that he believed none of her complaints were traceable to the automobile accident.

It is apparent from its verdict that the jury chose to believe Dr. Sherman and to disbelieve the appellant's witnesses. This was their prerogative. *Varallo v. Pennsylvania Railroad Company*, 424 Pa. 1, 3, 225 A.2d 552 (1967).

Affirmed.

SPAETH, J., files a concurring opinion.

148

SPAETH, Judge, concurring:

I should affirm on a narrower ground than does the majority. In *Gudat v. Heuberger*, 275 Pa.Super. 535, 419 A.2d 30 (1980), we reversed and remanded for a new trial, in part because of the jury's failure to award the injured plaintiff any amount to reimburse her for the expense of her first visits to her family doctor, when the extent of her injuries was determined. *See also Lesoon v. Yellow Cab Co.,* 195 Pa.Super. 470, 171 A.2d 877 (1961); *Hollins v. Pittsburgh Rwys.*, 188 Pa.Super. 141, 146 A.2d 622 (1958). Had appellant incurred such expense here, I might similarly have found reversible error in the jury's "no injury–no damages" verdict. It appears, however, that appellant did not incur such expense, instead being examined, without charge, at the scene of the accident by a doctor from a nearby medical office building. On these facts, the jury's verdict may be upheld.