## Peterman v. Techalloy Company, Inc.

*Jerrold V. Moss,* for plaintiff.

*Timothy C. Russell* and *William P. Manning, Jr.,* for Techalloy Company, Inc.

*Joseph P. Green,* for Chemcentral Corporation.

DAVENPORT, *J.,* February 26, 1982 — This matter comes before the court on a motion for judgment on the pleadings, by defendant Techalloy and a Motion for Summary Judgment by additional defendant Chemcentral Corporation.

## HISTORY

Plaintiff Peterman commenced this action in equity on behalf of himself and an alleged class of persons similarly situated against defendant, Techalloy Company, Inc. (Techalloy), on May 20, 1981. The complaint alleges that the alleged plaintiff class is subject to an increased risk of serious illness and/or death as a result of ingestion or use of water alleged to be contaminated with trichloroethylene (TCE), that plaintiff class suffers, or may in the future suffer, from "anxiety" because of awareness of such an increased risk. This averred increased risk and anxiety to members of the class allegedly is or will be caused by the use of water contaminated, by the alleged leakage of TCE from storage tanks on Techalloy's property into well water in the Village of Rahns, Montgomery County, Pa. The principal remedy plaintiff seeks is the creation of a "trust fund" for future medical expenses that may be incurred by any member of the class. No expenses alleged to have been incurred as of this date. Furthermore, no specific, tangible injury of

any class member is alleged to have occurred as of this date.

Techalloy filed an answer and new matter to the complaint in which Techalloy denied liability to plaintiff and the alleged class. In addition, Techalloy joined several additional defendants, including manufacturers, suppliers and distributors of TCE from whom Techalloy may have made purchases or who may have otherwise supplied TCE which leaked into the groundwater in Rahns, Pa. The complaint against additional defendants asserts that any additional defendant who is shown to have manufactured, distributed or sold TCE that resulted in or may have resulted in any particular plaintiff's alleged injury is solely liable for such injury, is liable over to Techalloy in contribution or indemnity, or is jointly and severally liable with Techalloy for any judgment that may be entered against Techalloy.

Additional defendant Chemcentral has moved for summary judgment. This motion is rendered moot by virtue of the court's order, infra.

## DISCUSSION

Plaintiff filed this action in equity on behalf of an alleged class, seeking the creation of a "fund" to "assure proper medical diagnosis and treatment services" for members of the alleged class. Plaintiff does not allege that he, or any members of the purported class, has sustained any injuries to date for which the requested medical services are required. Rather, plaintiff alleges that he was "exposed" to TCE and, as a result of such exposure, "may have sustained injury" (complaint, paragraph 4), has an "increased risk of serious illness or death" (complaint, paragraph 19) and suffers "from anxiety because of awareness of such increased risk" (com-

plaint, paragraph 19). Based on plaintiff's allegations of anxiety and increased risk, plaintiff requests that a "constructive trust" be imposed on defendant "in an amount sufficient to pay for the cost of medical diagnostic and treatment services to be rendered to each member of the class during the next 25 years by physicians and hospitals selected by such member with regard to any illness which "might develop" as a result of the TCE exposure" (paragraph "A" of Prayer for Relief).

For the reasons set forth below, plaintiff has failed to state a claim against defendant Techalloy on which relief can be granted, and judgment should therefore be entered in favor of Techalloy and against plaintiff. This decision will make additional defendant Chemcentral's motion moot.

A basic tenet of tort law is that the plaintiff cannot recover without proof of actual injury or damage. Troutman v. Tabb, 285 Pa. Super. 353, 427 A.2d 673, 677 (1981) and Surgent v. Stein, 280 Pa. Super. 142, 145 (1980).

He seeks to overcome this fundamental rule by his claim of "increased risk." (Clearly this is insufficient.

"The mere breach . . . of duty . . . causing nominal damages, speculative harm, or the threat of future harm not yet realized does not suffice to create a cause of action for negligence. Schenkel v. Monheit, 266 Pa. Super. 396, 399 (1979). Also see Mink v. University of Chicago, 460 Fed. Supp. 713 (1978) for its persuasive reasoning. There, the court dismissed plaintiff's complaint, stating, "the mere fact of risk with any accompanying physical injury is insufficient to state a claim" Id. at 719, citing Rheingold v. E. R. Squibb & Sons, Inc. 74 Civ. 3420 (S.D. of N.Y., October 8, 1975).

The principles expressed in the Mink and Rheingold decisions discussed supra, are entirely consistent with well-settled Pennsylvania law requiring plaintiff to plead and prove actual injury before recovery will be allowed. These principles preclude this court from entertaining plaintiff's claim here, insofar as it is predicated only on the possibility of in futuro injury.

Even if plaintiff's allegation at paragraph 4 of his complaint that he may possibly have sustained some injury is read to allege that he may have a present injury, such a claim is palpably insufficient to meet the requirement of present injury. See, for example, Mink v. University of Chicago, 460 F. Supp. 713 (N.D. 111, E.D. 1978) in which plaintiffs claimed that they had alleged personal physical injury through their assertion that their ingestion of DES "has or may cause reproductive tract, and other abnormalities in themselves." On defendants' motion to dismiss the complaint the court stated that there was no indication that any of the plaintiffs were actually suffering these "abnormalities" at the time, and that "[w]ithout more concrete allegations of injury to the named plaintiffs, the second count must be dismissed for failure to state a claim." Id., at 719.

Since plaintiff has totally failed to allege any actual injury or damage, an essential element of any tort claim, plaintiff has failed to state a claim on which relief can be granted, and his complaint should therefore be dismissed.

## ANXIETY CLAIM

Counsel for defendant Techalloy prepared an excellent brief and the court adopts substantial excerpts therefrom as its own to support its position

that the allegation of "anxiety" does not state a proper claim for which relief can be granted.

Although there may be some circumstances under which certain plaintiffs may recover for negligently caused emotional distress, such recovery has been allowed by the courts of this Commonwealth only in three narrowly circumscribed situations, none of which is present here: (1) where plaintiff's distress is the result of an actual physical injury, see Walsh v. Brody, 220 Pa. Super. 293, 286 A.2d 666 (1971); (2) where the plaintiff witnesses a violent and traumatizing event, such as an accident endangering a close relative, see Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979); or, where plaintiff suffers physical injuries as a result of emotional distress caused by a tortfeasor's threat to plaintiff's physical well being, and then only if the plaintiff's mental distress is attended by some degree of physical impact, see, Bosley v. Andrews, 393 Pa. 161, 142 A.2d 263 (1958).

The "anxiety" claimed by plaintiff here is not alleged to have been caused by or to have resulted from any of the three enumerated circumstances. Plaintiff claims only to be suffering from a generalized anxiety due to an "awareness" of an alleged risk of future injury. It is settled law that a claim of anxiety or emotional distress standing alone, with a risk of future injury does not state a valid cause of action. As Judge Takiff held in Cathcart v. John-Manville Corp., No. 7809-88 (123) (C.P. Philadelphia Co. April 30, 1981); slip op. at 29, with respect to a similar claim; "[U]nless and until plaintiff manifests physical injury caused by exposure to asbestos dust, her claim for emotional distress is not legally cognizable."

Here, there is no allegation of any physical injury, nor is there any allegation of physical manifesta-

tions of emotional distress. Plaintiff clearly has failed to state a claim for emotional distress and his complaint therefore must be dismissed.

## THE EQUITY CLAIM

Plaintiff's complaint asks this court to create a "constructive trust" in an amount sufficient to pay for the cost of medical diagnostic and treatment services to be rendered to each member of the class during the next 25 years with regard to any illness or disease that might develop as a result of the alleged TCE exposure. Plaintiff's claim for the creation of a fund to pay for future medical examinations is, in essence, a claim for damages, not for equitable relief. "A plaintiff cannot transform a claim for damages into an equitable action by asking for an injunction that orders the payment of money." Jaffe v. United States, 592 F.2d 712, 715 (3rd Circ. 1979) cert. denied, 441 U.S. 961 (1979). See also, Rheingold v. E. R. Squibb & Sons, Inc., 74 Civ. Op. 3420 slip op. Characterizing the Claim as equitable does not help plaintiff.

"When the rights of a party are clearly established by defined principles of law, equity should not change or unsettle those rights. Hence, one who invokes equity must demonstrate more than that he has been the victim of an asserted injury. The injury must be one which the law recognizes; that is, is cognizable in law." Storage & Transfer Co. v. Kaplan, 37 Pa. Commw. 105, 112-13 (1978), aff'd. 487 Pa. 485 (1979).

Here, plaintiff has not alleged and readily admitted at argument that Techalloy has not caused him or any member of the alleged class any present injury or damage, therefore, the court enters the following.

## ORDER

And now, this February 26, 1982, after a review of the pleadings, the numerous exhaustive briefs, and oral argument in open court on January 21, 1982, it being the opinion of the court that plaintiff has not alleged any legally cognizable claim, the motion of defendant Techalloy for judgment on the pleadings is granted and the complaint is dismissed with prejudice. Chemcentral's motion for summary judgment is denied.