**Burns v. Pepsi-Cola Metropolitan Bottling Co.**

Steven E. Wolfe, for plaintiffs.

Charles Jay Bogdanoff, for defendant Pepsi-Cola Metropolitan Bottling Co.

Daniel J. Lawler, for defendant Kenneth L. Bello.

SOKOLOVE, *J.*, June 11, 1985—This case is before the court on defendants'[1] post-trial motions for a new trial and remittitur after a jury trial resulted in a verdict against defendant Pepsi-Cola Metropolitan Bottling Co. and defendant Kenneth L. Bello, t/a K. L. Bello Mobil Lunch Service,[2] in favor of plaintiff Diane Burns for loss of consortium and in favor of plaintiff David Burns for Pepsi's negligence. Briefly stated, plaintiff David Burns ingested glass particles contained in a bottle of Pepsi-Cola purchased from defendant Kenneth L. Bello, t/a K. L. Bello Mobil Lunch Service on June 22, 1981. Plaintiff David Burns was hospitalized on several occasions due to problems resulting from the glass particles passing through his digestive system. Plaintiff's hospitalizations totalled more than two weeks, for which he received medical treatment for gastrointestinal pain and rectal bleeding. He was later treated by a psychologist for symptoms of post-traumatic stress disorder.

Plaintiff Diane Burns' injuries in support of her claim for loss of consortium consisted of the loss of her husband David's services due to his physical and psychological problems resulting from the ingestion of glass. Those services were the coparenting of the parties' small child, loss of sexual pleasures, and having to live with a husband who

---

1. At trial, defendants' motion dismissing plaintiffs' case against defendant Pepsico, Inc., and Pepsi-Cola Bottling Group, Inc., was granted by the court. For the sake of avoiding confusion, reference herein to defendant "Pepsi" refers only to Pepsi-Cola Metropolitan Bottling Company.

2. The court granted a directed verdict in favor of defendant Kenneth L. Bello, t/a K. L. Bello Mobil Lunch Service and against defendant Pepsi-Cola Metropolitan Bottling Co. for the full amount of damages awarded by the jury to both plaintiffs.

was irritable and refused to eat certain foods due to his suspicion that glass was contained in the food.

The jury awarded damages to plaintiff David Burns in the amount of $8,662.35 for medical expenses, $644 for lost wages and $15,000 for pain and suffering. Plaintiff Diane Burns was awarded $15,000 for loss of consortium.

Defendant charges that the jury award in favor of plaintiff Diane Burns for loss of consortium was excessive, shocking and clearly beyond what the evidence warranted. Defendant requests the court to grant remittitur reducing the $15,000 jury award. Defendant alleges in support of the remittitur request that the jury received an erroneous view of plaintiffs' marriage due to the court's exclusion of evidence of plaintiff Diane Burns' prior involvement with illegal drugs and unsupported allegations that she had been involved in an extramarital affair three years prior to the Pepsi incident.

Loss of consortium has been recognized as a "right growing out of the marriage relationship which the husband and wife have respectively to the society, companionship and affection of each other in their life together. As thus defined and limited, any interference with this right of consortium by the negligent injury to one spouse, should afford the other spouse a legal cause of action to recover damages for that interference." Leo v. Bottman, 40 Wash. Co. 105 (1960). While the right to recover in tort for loss of consortium springs from English common law, this right only extended to the husband's recovery for the loss of services rendered to him by his wife. The laws of this Commonwealth, which followed the common law, did not recognize the injured wife's right to recover damages for the loss of her husband's services un-

der a theory of loss of consortium until 1973.[3] Hopkins v. Blanco, 224 Pa. Super. 116, 302 A.2d 855 (1973), aff'd 457 Pa. 90, 320 A.2d 139 (1974). Those services which could be compensated for in damages were "whatever aid, assistance, comfort or society" one spouse would be expected to render or bestow upon the other, under the circumstances and in the condition in which they may be placed. Hopkins v. Blanco, Id. at page 856.

An award to an injured spouse for loss of consortium consists of elements of damage which are of indeterminable value. For that reason, the jury in making such an award to an injured spouse must rely to a great extent on its common sense and sound judgment. Mueller v. Brandon, 282 Pa. Super. 37, 422 A.2d 664 (1980). The court cannot impose a yardstick for determining the value of loss of consortium, since that is a jury determination which can be set aside only when an award clearly shocks the conscience of the court. DeMarines v. KLM Royal Dutch Airlines, 433 F.Supp. 1047 (1977), rev'd on other grounds 280 F.2d 1193. While in the court's opinion an award may be considered high under the circumstances, it will not be set aside unless it shocks the conscience. In determining whether an award is shocking, the court may look to the particular facts of each case and review the extent of the deprivation to the spouse claiming loss of consortium and disruption to the family life caused by the loss of those services nor-

---

3. On May 18, 1971, Pennsylvania adopted an amendment to its Constitution, Art. 1, §27, known as the Equal Rights Amendment which states, "Equality of rights under law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." See Hopkins v. Blanco, supra.

mally performed by the injured spouse. See Carpenter v. Koehring Co., 391 F.Supp. 206 (1975 D.C., Pa.), aff'd 527 F.2d 644 (3rd Cir. 1975); Reutter v. United States, 534 F.Supp. 731 (W.D., Pa. 1982). In the Carpenter v. Koehring case, wife had sued for the loss of consortium of her husband who had lost a leg when caught in defendant's steam shovel. Wife claimed that she took care of her husband, their social life was curtailed, her husband previously had helped with household tasks and that, as a result of his injuries, the husband was moody, depressed and irritated. The court upheld an award to the wife of $50,000, finding that amount not shocking to its conscience. Carpenter v. Koehring, Id. at page 213.

We do not feel that the jury award of $15,000 to Diane Burns in this matter, under the circumstances, cries out for judicial interference with the jury's determination. Prather v. H-K Corporation, 282 Pa. Super. 556, 423 A.2d 385 (1980); Bortner v. Gladfelter, 302 Pa. Super. 492, 448 A.2d 1386 (1982). In reaching that conclusion, the court has evaluated defendant's contention that the jury was misinformed because of the court's exclusion of evidence related to plaintiff Diane Burns' prior involvement with drugs and an alleged extramarital affair.[4] Defendant alleges that the inadmissibility of this evidence colored the jury's perception that plaintiffs had a happy marriage prior to the Pepsi incident. The fallacy in this argument is obvious since defendant has not, and cannot, connect the alleged happening of the extramarital affair and drug use of

---

4. These alleged events were deemed to have occurred at a point too remote in time to affect the plaintiff's cause of action and, therefore, its admission would be more prejudicial than probative to the underlying issue.

plaintiff Diane Burns at a time three years prior to her husband's injury which would diminish the loss to her of his services under a loss of consortium theory.[5] Inferences that Diane Burns had engaged in these alleged activities would be irrelevant and only go to her character, which is of no concern in determining what loss of consortium she suffered as a result of her husband's injuries arising from Pepsi's negligence.

Defendant Pepsi alleges that plaintiff Diane Burns' recovery for loss of consortium was not supported by the evidence in that she did not testify at trial. Defendant does not cite any authority to support this assertion, nor has the court found any authority in the Commonwealth which supports defendant's contention that the party claiming loss of consortium can only prove her case through direct testimony. The jury received an accurate view of plaintiffs' marriage through the testimony of David Burns and Dr. Grossman. Plaintiff David Burns candidly described the ups and downs of his marriage prior to the birth of his daughter, and how the marriage had suffered as a result of his problems in coping with the physical and psychological damage arising from his glass ingestion from the Pepsi bottle. The jury was free to believe this evidence and to make a credibility determination. Cooper v. Columbia Gas of Pennsylvania, Inc., 433 Pa. 179, 248 A.2d 852 (1966). We cannot conclude that David Burns was incompetent to testify, but rather it is for the jury to determine the weight to be accorded his testimony. Collage Watercolor Group, Inc. v. William H. Newbauer, Inc., 468 Pa. 103, 360 A.2d 200 (1976).

---

5. Evidence of plaintiff David Burns' use of drugs was admissible at trial.

The issue to be resolved by the jury was a simple one: Did defendant's negligence result in plaintiff Diane Burns suffering damages due to any loss in services usually provided to her by her husband? Pennsylvania law demands that the burden of proof be met with something more than mere conjecture. Inferences drawn from the facts and circumstances put forth by plaintiff must be established by a "preponderance in favor of the basic proposition to the exclusion of any equally well-supported belief in any inconsistent theory." Vlases v. Montgomery Ward & Company, 377 F.2d 846 (1967). (Additional citations omitted.) The proof set forth by the party need not be convincing to the point of absolute certainty. Vlases v. Montgomery Ward & Company, Id. at page 851. While the jury must not be permitted to reach its verdict on the basis of speculation and conjecture, the evidence presented by the party must, however, be logically related to the conclusion sought to be reached. The jury can draw upon the evidence plus the jury's own knowledge and experience in reaching a logical conclusion that favors liability. Smith v. Bell Telephone Company of Pennsylvania, 397 Pa. 134, 153 A.2d 477, at 479-480 (1959). The jury in this matter could logically conclude that plaintiff Diane Burns suffered a loss of marital services based upon the testimony of plaintiff David Burns and the jury's own knowledge and experiences in human affairs. For that reason, the court believes remittitur is inappropriate and will deny defendant's motion.

For the foregoing reasons, we enter the following

## ORDER

And now, this June 11, 1985, upon review of defendant's motion for a new trial and remittitur, and

the memoranda of law presented by the parties, as well as a review of the entire record in this matter, it is hereby ordered and decreed that defendant's motions are hereby overruled and dismissed.

---

*Editor's Note:* The order in this case was affirmed by the Superior Court on July 17, 1986, 353 Pa. Super. 571, 510 A.2d 810 (1986).