# Parker v. Quality Aggregates Inc.

C.P. of Lawrence County, no. 11050 of 2002, C.A.

*Richard R. Morelli*, for plaintiff.
*Mark L. Riley*, for defendant Quality Aggregates Inc.
*Victor J. Sullivan Jr.*, for defendant Parker.

MOTTO, *J.*, December 18, 2003—Plaintiff Lauri Parker was riding on a motorcycle operated by her husband, defendant Larry E. Parker, on McConnell's Mills Road in Lawrence County. They came to a point where the road was closed and detoured due to construction by defendant Quality Aggregates Inc. A 90-degree detour was created with three large construction tires placed at the point of the detour along with a detour sign.

Somehow the motorcycle crashed. Lauri Parker then brought this action in negligence against her husband and Quality Aggregates. Mrs. Parker alleges Quality Aggregates breached its duty to travelers by not making clear demarcation of the detour sufficiently in advance of the detour and otherwise failing to insure safe passage. Quality Aggregates has filed a motion for summary judgment.

An action in negligence requires the existence of a duty and breach of said duty with said breach proximately causing injuries to the plaintiff. *Cummins v. Firestone Tire & Rubber Co.*, 344 Pa. Super. 9, 495 A.2d 963 (1985). Quality Aggregates cedes arguendo that Mrs. Parker has sufficient proof of a duty, breach of that duty and injuries to survive a motion for summary judgment. What Quality Aggregates contests is whether Mrs. Parker has presented sufficient indications that her injuries were

proximately caused by any breach of care by it. Quality Aggregates can reasonably put this argument forth because neither Mr. Parker nor Mrs. Parker, as shown by their depositions, has any recollection of the actual occurrence of the accident. Nonetheless, Mrs. Parker contends that the recollections of she and her husband just prior to and just subsequent to the accident along with what has been related to them subsequently are such that a jury could reasonably infer that the lack of advance notice, clear demarcation and manner of construction of the detour by Quality Aggregates, was the proximate cause of the accident.

Summary judgment is to be granted only where there is no genuine issue of material fact needed to establish a necessary element of the cause of action as per Pa. R.C.P. 1035.2(1) or where the plaintiff has failed to produce evidence of facts essential to the cause of action under Pa.R.C.P. 1035.2(2). Pa.R.C.P. 1035.2. In deciding a summary judgment motion, the court must view the matter in the light most favorable to the non-moving party resolving all doubts in favor of that party. *Dean v. Commonwealth, Department of Transportation,* 561 Pa. 503, 751 A.2d 1130 (2000), *reargument denied; Hughes v. Seven Springs Farm Inc.,* 563 Pa. 501, 504, 762 A.2d 339, 340-41 (2000). Hence, summary judgment is to be granted only in cases clear and free from doubt. *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998); *Kilgore v. City of Philadelphia,* 553 Pa. 22, 717 A.2d 514 (1998); *Feidler v. Morris Coupling Co.,* 784 A.2d 812 (Pa. Super. 2001); *Kleban v. National Union Fire Insurance Co. of Pittsburgh,* 771 A.2d 39 (Pa. Super. 2001).

Proximate cause exists where the breach of duty was a substantial factor in bringing about plaintiff's harm but does not exist if the chain of events causing the injury is so remote a possibility that it seems highly extraordinary that the conduct in question could have brought about the harm. *Dudley v. USX Corp.,* 414 Pa. Super. 160, 606 A.2d 916 (1992), *appeal denied,* 532 Pa. 663, 616 A.2d 985 (1992). The burden to establish that the plaintiff's injuries was the direct result of the defendant's negligence is on the plaintiff. *Haldeman v. Bell Telephone Co.,* 387 F.2d 557 (3d Cir. 1967) (applying Pennsylvania law); *Listino v. Union Paving Co.,* 386 Pa. 32, 124 A.2d 83 (1956). Despite proof of injury and negligence, liability cannot be established without proof that said negligence caused the injury. *Macina v. McAdams,* 280 Pa. Super. 115, 421 A.2d 432 (1980). Where an injury may be the result of one of several possible causes and the defendant would be liable for only one of those causes, the onus is on the plaintiff to establish that the cause for which the defendant is responsible is the proximate cause. *Cohen v. Penn Fruit Co. Inc.,* 192 Pa. Super. 244, 159 A.2d 558 (1960). Conversely, it is also for the plaintiff to exclude other possible causes suggested by the evidence which would otherwise seem equally likely as the cause of injury. *Foley v. The Pittsburgh-Des Moines Co.,* 363 Pa. 1, 68 A.2d 517 (1949). Where it is just as likely that the injury was the result of one cause for which defendant was responsible as another for which defendant was not responsible, the plaintiff cannot recover. *Bannon v. Pennsylvania Railroad Co.,* 29 Pa. Super. 231 (1905).

The foregoing notwithstanding, the plaintiff is not required to disprove every other possibility that may have

caused or contributed to plaintiff's injury. *McDonough v. United States Steel Corp.*, 228 Pa. Super. 268, 324 A.2d 542 (1974). The plaintiff need only exclude the other prospective cause fairly suggested by the evidence. *Hayes Creek Country Club Inc. v. Central Penn Quarry Stripping and Construction Co.*, 407 Pa. 464, 181 A.2d 301 (1962).

Proximate cause is, of course, a necessary element of the cause of action, and, although the plaintiff and her husband have no recollection of the actual accident and, therefore, no eyewitness evidence of causation, they have presented sufficient circumstantial evidence of causation to present a question of material fact. Certainly other possibilities suggest themselves, possibilities such as mechanical malfunction, driver error, intoxication, some other intervening causes. However, with the deposition evidence of lack of forewarning, lack of illumination, the dark barrier of black tires, the sign made hard to read because it was leaning backwards, gravel on the road, etc., the plaintiff has presented a question of material fact as to whether a substandard detour was the most likely cause of the accident.

Presenting a question of material fact is what is required to survive a motion for summary judgment under Pa.R.C.P. 1035.2(1). Pursuant to Pa.R.C.P. 1035.2 (2), what is required for summary judgment to be denied is that responding party has produced evidence of facts essential to the cause of action. The same evidence of proximate cause presenting a question of material fact is also evidence of the facts essential for a showing of proximate cause necessary to a cause of action in negligence, *e.g.*, lack of demarcation, completely dark barrier sign

leaning back making it less discernable, gravel on the road, etc. Hence, the cause of action survives the test of both prongs of Pa.R.C.P. 1035.

Plaintiff having presented sufficient evidence to withstand summary judgment, defendant's, Quality Aggregates, motion for summary judgment must be denied.

## ORDER

And now, December 18, 2003, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that defendant's motion for summary judgment is denied.